PRICE SAVER, INC. *v.* LEONARD P. MAYNARD
(3413)

SPALLONE, DALY and JACOBSON, Js.

Argued May 24—decision released August 27, 1985

*Gwen B. Dreilinger,* with whom, on the brief, was *Steven A. Tomeo,* for the appellant (defendant).

*John D. Boland,* with whom, on the brief, was *Timothy W. McNally,* for the appellee (plaintiff).

PER CURIAM. The defendant has appealed from the trial court's denial of his motion to vacate a prejudgment attachment on real estate.

The sole issue to be determined on review is whether the court erred in finding probable cause sufficient to sustain and continue a previously granted ex parte prejudgment attachment of real estate. We find no error.

Subsequent to the filing of the complaint in this matter, the plaintiff applied for and was granted an ex parte prejudgment attachment on real estate owned by the defendant. Pursuant to General Statutes § 52-278e,[1] the defendant then moved to modify or vacate the prejudgment remedy. After a hearing at

---

[1] General Statutes § 52-278e reads in pertinent part: "The defendant appearing in such action may move to dissolve or modify the prejudgment remedy granted pursuant to this section in which event the court shall proceed to hear and determine such motion expeditiously."

which the parties were fully heard, the court, *Allen, J.*, found that there was probable cause to sustain the attachment and denied the motion to modify or vacate.

In acting upon a prejudgment remedy, the court is required to determine "whether or not there is probable cause to sustain the validity of the plaintiff's claim." General Statutes § 52-278d (a). The plaintiff must provide an affidavit "setting forth a statement of facts sufficient to show that there is probable cause that judgment will be rendered in the matter" in his or her favor. General Statutes § 52-278c (a) (2). "The legal idea of probable cause is a *bona fide* belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." (Emphasis in original.) *Three S. Development Co.* v. *Santore*, 193 Conn. 174, 175, 474 A.2d 795 (1984), quoting *Wall* v. *Toomey*, 52 Conn. 35, 36 (1884).

The trial court has broad discretion in determining whether there is sufficient probable cause to grant a prejudgment remedy. *Three S. Development Co.* v. *Santore*, supra, 176; *Augeri* v. *C.F. Wooding Co.*, 173 Conn. 426, 429, 378 A.2d 538 (1977). The trial court's decision will not be overruled unless there is clear error. *Augeri* v. *C.F. Wooding Co.*, supra.

In reviewing the granting of a prejudgment remedy, this court does not duplicate the trial court's weighing of the probabilities of success of the underlying claim, but instead must determine whether the trial court's conclusion was reasonable. *Three S. Development Co.* v. *Santore*, supra, 176.

The affidavit and the evidence elicited at the hearing amply support the reasonableness of the trial

court's conclusion that probable cause existed that judgment would be rendered in this matter in favor of the plaintiff.

There is no error.