PERO BUILDING COMPANY, INC. *v.*
DONALD H. SMITH ET AL.
(3508)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued November 8, 1985—decision released February 11, 1986

*Philip M. Hart,* for the appellants (named defendant et al.).

*Frank J. Kolb, Jr.,* for the appellee (plaintiff).

*Joseph Glass,* for the appellee (defendant Gerrity Company, Inc.).

SPALLONE, J. The defendants, Donald H. Smith[1] and Leila Smith, are appealing from a judgment of the trial court denying their application for discharge of two mechanics' liens.[2]

The plaintiff, Pero Building Company, Inc., brought an action to foreclose a mechanic's lien it had filed when the defendants Donald H. Smith and Leila Smith failed to remit the balance of the payments due under a contract with the plaintiff for the construction of a two family house on property which they owned. The Smiths answered and filed a counterclaim alleging that the plaintiff had performed the contract negligently, had breached the contract and had filed a mechanic's lien in violation of an express provision of the contract.[3] Gerrity Company, Inc., a supplier of building materials used in the construction of the house, filed a second mechanic's lien against the property when the plaintiff failed to pay for the material. Gerrity was named as a party defendant in the plaintiff's foreclosure suit because of its mechanic's lien. Gerrity filed a cross complaint seeking a foreclosure of that lien.

---

[1] Upon the death of Donald H. Smith, Leila Smith was substituted as a defendant in her capacity as executrix of her husband's estate.

[2] General Statutes § 49-35c (a) provides that an order entered by the court denying an application to discharge a mechanic's lien is "deemed a final judgment for the purposes of appeal."

[3] Paragraph 15 of the contract provides: "The CONTRACTOR agrees that no mechanic's claims or liens will be filed or maintained by CONTRACTOR against the dwelling and other improvements to be constructed or against the PROPERTY. Further, CONTRACTOR in contracting with any subcontractors or materialmen, will in such contracts provide that such subcontractors or materialmen shall not file or maintain any mechanic's claims or liens for work done or materials furnished upon the PROPERTY for the purpose of work herein contracted to be performed, including orders, and CONTRACTOR further agrees to indemnify and save OWNER harmless from any costs, expenses, attorneys fees, loss or damage incurred by OWNER by the filing of liens by subcontractors or materialmen."

The Smiths moved to discharge the liens of the plaintiff and of Gerrity pursuant to General Statutes § 49-35a (a). After a hearing, the court concluded that probable cause existed for the filing of both liens and refused to discharge either one. We find error in the court's conclusion that there was probable cause to sustain the validity of the mechanic's lien of Pero.

"The purpose of the mechanic's lien is to give one who furnishes materials or services 'the security of the building and land for the payment of his claim by making such claim a lien thereon . . . .' " *H & S Torrington Associates* v. *Lutz Engineering Co.,* 185 Conn. 549, 553, 441 A.2d 171 (1981), quoting *Purcell, Inc.* v. *Libbey,* 111 Conn. 132, 136, 149 A. 225 (1930). The statutory provision of such a lien should be liberally construed so as to implement reasonably and fairly the statute's remedial intent. *H & S Torrington Associates* v. *Lutz Engineering Co.,* supra.

General Statutes § 49-35b (a) provides in part that "[u]pon the hearing held on [an] application or motion [for reduction or discharge of a mechanic's lien], the lienor shall first be required to establish that there is probable cause to sustain the validity of his lien." The probable cause standard embodied in the statute is analogous to that provided in the statutory provisions relating to prejudgment remedies. See General Statutes § 52-278a et seq. Cases which have interpreted this standard as it relates to such remedies are instructive in the present matter as no definition, either statutory or by case law, has been formulated for a probable cause standard under the mechanic's lien statute.

"The language of our prejudgment remedy statutes; General Statutes § 52-278a et seq.; requires that the court determine 'whether or not there is probable cause to sustain the validity of the plaintiff's claim'; General Statutes § 52-278d (a); that is to say 'probable cause

that judgment will be rendered in the matter in favor of the plaintiff.' General Statutes § 52-278c (a) (2). 'The legal idea of probable cause is a *bona fide* belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it.' *Wall* v. *Toomey,* 52 Conn. 35, 36 (1884). Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false. *Texas* v. *Brown,* 460 U.S. 730, 103 S. Ct. 1535, 75 L. Ed. 2d 502 (1983). The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim. *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corporation,* 172 Conn. 577, 584, 376 A.2d 60 (1977). The court's role in such a hearing is to determine probable success by weighing probabilities. *Michael Papa Associates* v. *Julian,* 178 Conn. 446, 447, 423 A.2d 105 (1979)." *Three S. Development Co.* v. *Santore,* 193 Conn. 174, 175–76, 474 A.2d 795 (1984); *Solomon* v. *Aberman,* 196 Conn. 359, 363, 493 A.2d 193 (1985); *L. Suzio Concrete Co.* v. *Salafia,* 3 Conn. App. 404, 406–407, 488 A.2d 1280 (1985); see also *Babiarz* v. *Hartford Special, Inc.,* 2 Conn. App. 388, 393, 480 A.2d 561 (1984).

This court's role in reviewing a trial court's action upon such a motion is circumscribed even further. *Solomon* v. *Aberman,* supra, 364. The trial court is vested with broad discretion in determining whether there is probable cause to grant such remedies. Id.; *Price Saver, Inc.* v. *Maynard,* 5 Conn. App. 90, 91, 496 A.2d 991 (1985). We are merely to determine whether the trial court's decision was reasonable, and we will not upset the decision in the absence of clear error. *Solomon*

v. *Aberman,* supra; *Three S. Development Co.* v. *Santore,* supra, 176; *Price Saver Inc.* v. *Maynard,* supra; *Babiarz* v. *Hartford Special, Inc.,* supra, 393–94. Nothing in the statute requires us to treat or interpret a mechanic's lien differently from a prejudgment remedy.

In the present action, the plaintiff, by clear and unambiguous language, expressly agreed with the Smiths not to file a mechanic's lien on their property. The language used could not be more clear: "The CONTRACTOR agrees that no mechanic's claims or liens will be filed or maintained by CONTRACTOR against the dwelling or other improvements to be constructed or against the PROPERTY." We recognize that, ordinarily, whether the plaintiff waived his right to a mechanic's lien is a question of fact to be determined by the trier. *Pomarico* v. *Gary Construction, Inc.,* 5 Conn. App. 106, 112, 497 A.2d 70, cert. denied, 197 Conn. 816, 500 A.2d 1336 (1985); see *Robert Lawrence Associates, Inc.* v. *Del Vecchio,* 178 Conn. 1, 14, 420 A.2d 1142 (1979); Holden & Daly, Connecticut Evidence (1966 & Sup. 1983) § 125 (a). Where, however, there is clear and definitive contract language, the scope and meaning of that language is not a question of fact but a question of law. See *Kakalik* v. *Bernardo,* 184 Conn. 386, 393, 439 A.2d 1016 (1981); *Bead Chain Mfg. Co.* v. *Saxton Products, Inc.,* 183 Conn. 266, 274–75, 439 A.2d 314 (1981); *Finley* v. *Aetna Life & Casualty Co.,* 5 Conn. App. 394, 404, 499 A.2d 64, cert. granted, 198 Conn. 802, 501 A.2d 1213 (1985). In such a situation our scope of review is plenary, and is not limited by the clearly erroneous standard. See *Lavigne* v. *Lavigne,* 3 Conn. App. 423, 428, 488 A.2d 1290 (1985).

We conclude that because the language of the agreement between the parties was clear and definitive and because the intention of the parties was unmistakable, the trial court could not reasonably have construed such

language as other than a voluntary and an absolute waiver of the plaintiff's statutory right to file a mechanic's lien on the Smiths' property. The decision of the trial court in failing to grant the discharge of the plaintiff's mechanic's lien was, under the circumstances of this case, erroneous.

We find no merit to the plaintiff's contention that due to the Smiths' alleged breach of contract, the waiver clause of the parties' agreement was unenforceable. The right to a mechanic's lien is not a contractual right, rather it is a statutory right available to secure, as well as to enforce, payment for materials and labor rendered. *Lampson Lumber Co.* v. *Rosadino,* 141 Conn. 193, 196, 104 A.2d 362 (1954); *Purcell, Inc.* v. *Libbey,* supra; *New Haven Orphan Asylum* v. *Haggerty Co.,* 108 Conn. 232, 239, 142 A. 847 (1928). The effect of a waiver clause is to limit the avenues available to the plaintiff to collect for such material and labor. Once the statutory right to a mechanic's lien has been waived, there is no provision under the statute for the revival of that right upon the breach of a contract. See General Statutes § 49-33 et seq.

The plaintiff's argument that there was no consideration given for the waiver provision is likewise without merit. The waiver provision was bargained for and was part of the parties' original agreement and was therefore given in exchange for the original consideration.

We conclude that the court correctly applied the law in refusing to discharge the mechanic's lien filed by the defendant Gerrity. A contractor cannot bargain away the lien rights of subcontractors or materialmen who are not themselves privy to the contractor's agreement and who do not agree with the general contractor to waive their rights or to adopt the waiver provision as incorporated in the contract between the general con-

tractor and the property owner. See *Rene Dry Wall Co.* v. *Strawberry Hill Associates,* 182 Conn. 568, 438 A.2d 774 (1980); *Seaman* v. *Climate Control Corporation,* 181 Conn. 592, 436 A.2d 271 (1980); *Lewin & Sons, Inc.* v. *Herman,* 143 Conn. 146, 120 A.2d 423 (1956); annot., 75 A.L.R.3d 505 (1977). Indeed, the language of the agreement recognized the plaintiff's contractual obligation to secure lien waivers from its subcontractors and materialmen, and its liability to indemnify the property owners for its failure to do so. See footnote 3, supra.

There is error in part, the judgment is set aside as to the plaintiff's mechanic's lien and the case is remanded with direction to grant the Smiths' application to discharge that lien.

In this opinion the other judges concurred.