[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant proceeding arises out of an application for the discharge or reduction of a mechanic's lien.
The following factual picture has been presented. Meadowcrest of Watertown, Inc. (Applicant) is the owner and developer of certain real estate located in Watertown, Connecticut upon which a sixty lot subdivision is located. Professional Properties Excavating, Inc. (Contractor) is a Connecticut corporation with offices in Southbury, Connecticut which specializes in general excavation and road construction. Superior Products Distributors, Inc. (Lienor) is a Connecticut Corporation located in Milldale, Connecticut and its primary business involves the sale of concrete construction specialties and pipe products.
The applicant and the contractor entered into an agreement whereby the contractor would build the subdivision roads, install water drainage, sewer lines and other lines on the applicant's subdivision. The total contract price was $1,553,000.00.
Thereafter the contractor entered into an agreement with the lienor whereby the lienor would supply the concrete drainage, sewer, water pipes and other concrete materials necessary to complete the roads in the subdivision.
The contractor commenced work on the project on September 6, 1989 and left the job site on June 4, 1990. As the contractor performed work on the roads, invoices for payment were forwarded to the applicant who paid the invoices. However, during that particular time the contractor was falling behind on paying the CT Page 3091 lienor for the materials delivered to and used on the job site.
In February, 1990 the parties entered into an agreement whereby the applicant would pay the lienor twenty (20%) percent of any invoices forwarded for payment by the contractor. At the time the parties entered into this understanding, the contractor was some $100,000 in arrears to the lienor. The lienor received payments in March, April and May, 1990.
On June 4, 1990, the contractor abandoned the job and left the subdivision roads unfinished. During the period September, 1989 through June 4, 1990, the applicant paid the contractor the sum of $1,012,752.25. At the time of the abandonment, the contractor had submitted an invoice for $116,436 which was not paid by the applicant.
After the contractor left the site, the applicant was forced to hire another construction firm to complete the work at a price higher than the original contract price. The applicant did not use any materials supplied by the lienor to complete the work. Further, the applicant had to pay off other materialmen who had supplied goods to the contractor for which they were not paid.
At the time the contractor left the job site, the contractor had been paid in full for the work performed and conversely the applicant did not owe anything to the contractor when it left the job site. Presently the lienor is owed $143,000 for materials supplied in construction of the subdivision roads. On August 7, 1990, the lienor filed its mechanic's lien which is the subject of this pending application to dissolve.
Connecticut General Statute Section 49-35b reads in part:
 (a) Upon the hearing held on the application or motion set forth in section 49-35a, the lienor shall first be required to establish that there is probable cause to sustain the validity of his lien. Any person entitled to notice under section 49-35a may appear, be heard and prove by clear and convincing evidence that the validity of the lien should not be sustained or the amount of the lien claimed is excessive and should be reduced.
"The logical idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment under the circumstances in entertaining it. Wall v. Toomey, 52 Conn. 35, 36." Piro Building Co. v. Smith, 6 Conn. App. 180, CT Page 3092 183.
Connecticut General Statutes Section 49-33 (f) reads:
 (f) Any such subcontractor shall be subrogated to the rights of the person through whom the subcontractor claims, except that the subcontractor shall have a mechanic's lien or right to claim a mechanic's lien in the event of any default by that person subject to the provisions of sections 49-34, 49-35 and 49-36, provided the total of such lien or liens shall not attach to any building or its appurtenances, or to the land on which the same stands or to any lot or to any plot of land, to a greater amount in the whole than the amount by which the contract price between the owner and the person through whom the subcontractor claims exceeds the reasonable cost, either estimated or actual, as the case may be, of satisfactory completion of the contract plus any damages resulting from such default for which that person might be held liable to the owner and all bona fide payments, as defined in section 49-36, made by the owner before receiving notice of such lien or liens.
 . . . The statute, section 49-33, imposes no duty of inquiry upon the owner but rather affords protection for bona fide payments "made by the owner before receiving notice of such lien or liens."
Rene Dry Wall Co. v. Strawberry Hill Associates, 182 Conn. 568,574.
 . . . a general contractor receives progress payments that are not turned over to those who have done the work represented by the progress payments, and ultimately defaults entirely, the owner making such payments and completing such a job is protected as long as the owner acts in good faith and reasonably, as defined by the statutes. In determining whether the owner has met the statutory requirements of good faith and reasonableness, the trial court is making a finding of fact. See Purcell, Inc. v. Libbey, 111 Conn. 132, 139-41, 149 A. 225
CT Page 3093 (1930).
Rene Dry Wall Co. v. Strawberry Hill Associates supra 573.
The only conclusion that can be reached is that at the time of the notice and the filing of the mechanic's lien by the lienor, the applicant did not owe anything to the contractor; and as a result of the contractor's default, the applicant was obliged to expend funds which exceeded the original contract price. Further, the applicant at all times acted in good faith in making the payments to the contractor and the applicant even attempted to aid the lienor in getting paid by the 20% agreement that the parties had in existence for a period of time.
The burden of proof was on the lienor to establish that there was probable cause to sustain the validity of the lien. The lienor has failed to sustain its burden as required by the statute.
Accordingly, the application for the reduction or discharge of the mechanic's lien is granted. The mechanic's lien is hereby dissolved.
BYRNE, JUDGE