[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISCHARGE MECHANIC'S LIEN
The plaintiff furnished drilling and blasting services between January 27, 1988 and January 22, 1990 on real property in Brookfield, Connecticut. The materials and services were initially furnished to the defendant, Fairfield Resources, Inc., and later to its assignee, Quarry Associates. When Quarry Associates failed to pay the plaintiff's charges of $213,091.54, a mechanic's lien was filed against the property on February 9, 1990. This foreclosure action was commenced in August, 1990. The balance due for the plaintiff's labor and materials is $196,091.34. The defendant, American National Bank (hereafter "American"), has a mortgage in the amount of CT Page 10909 $150,000.00 on the subject property recorded August 7, 1989, which was after the plaintiff began furnishing services and materials, but before the mechanic's lien was recorded. American has filed a motion to discharge the lien on two grounds: (1) the services and materials furnished by the plaintiff do not qualify for a mechanic's lien under section 49-33 (a) of the General Statutes; and (2) a copy of the mechanic's lien was not served upon American, which it claims was required by sections 47-36h and 49-34 of the General Statutes.
When an application is made for the discharge of a mechanic's lien under section 49-35a of the General Statutes, a hearing is held on the application, and section 49-35b(a) requires the lienor to first establish that there is probable cause to sustain the validity of the mechanic's lien. When this is shown, the applicant must then "prove by clear and convincing evidence that the validity of the lien should not be sustained or the amount of the lien claimed is excessive and should be reduced." Section 49-35b(a) of the General Statutes. The test for probable cause to sustain the validity of the lien is the same as that required under the prejudgment remedy statute, section 52-278d(a) of the General Statutes. Pero Building Co. v. Smith, 6 Conn. App. 180,182.
The party claiming the lien must show that there is a bona fide belief in the existence of facts essential for the action which would warrant a reasonable person under the circumstances in entertaining it, namely, that there is probable cause to sustain the validity of the claim. Three S. Development Co. v. Santore, 193 Conn. 174, 175; Pero Building Co. v. Smith, supra, 183. The court does not make a final decision on the issues, but only determines probable success by weighing probabilities. Three S. Development Co. v. Santore, supra, 175. A party challenging the lien can raise clear legal defenses which show that there is no probable cause that judgment will be rendered at a trial on the merits in favor of the claimant. New England Land Co., Ltd. v. DeMarkey, 213 Conn. 612, 623. American does not dispute that the plaintiff furnished labor and materials at the site, and does not question that they were furnished at the request of and with the approval of the property owner, which was initially Fairfield Resources and later Quarry Associates. Probable cause has been established for the mechanic's lien. The question is whether the two legal defenses raised by American have been proven by clear and convincing evidence. Section 49-35b(a) of the General Statutes. CT Page 10910
The lien was filed on the property by the plaintiff under section 49-33 (a) of the General Statutes which provides in part that a lien may be filed by any person that has a claim "for materials furnished or services rendered in the construction, raising, removal or repairs of any building or any of its appurtenances or in the improvement of any lot or in the site development or subdivision of any plot of land . . . ." The plaintiff claims that it furnished services and materials consisting of drilling, blasting and explosives and did some excavation work on the subject property which amounted to improvement of the property or site development work covered by the statute. American claims that the services rendered do not qualify under the statute, relying primarily on Nickel Mine Brook Associates v. Joseph E. Sakal, P.C., 217 Conn. 361. American also claims that since Connecticut follows the title theory of mortgages, under which the mortgagee holds legal title to the mortgaged property while the mortgagor has equitable title amounting to the equity of redemption, that the mortgagee is an "owner" entitled to notice of the lien under section 49-34
of the General Statutes. For this argument, American relies upon the recent decision in Red Rooster Construction Co. v. River Associates, Inc., et al., 4 Conn. L. Rptr. 315
(July 22-91).
"Although the mechanic's lien statute creates a statutory right in derogation of the common law; [citations omitted]; its provisions should be liberally construed in order to implement its remedial purpose of furnishing security for one who provides services or materials." Nickel Mine Brook Associates v. Joseph E. Sakal, P.C., supra, 364; H S Torrington Associates v. Lutz Engineering Co., 185 Conn. 549, 553. Section 49-33(a) was amended in 1974 to extend the coverage of the statute to two types of services: "(1) services rendered in the improvement of any lot; and (2) services rendered in the site development or subdivision of any plot of land." Nickel Mine Brook Associates v. Joseph E. Sakal, P.C., supra, 366. The phrase "improvement of any lot" was intended to include the same types of services covered by the phrase "site development or subdivision of any plot of land." Id., 367. Both before and after the amendment, the materials and services had to be furnished to the real property against which the lien was claimed. Contrary to American's argument, this has not required actual construction on the property which improves it in some respect, since it was held in Marchetti v. Sleeper, 100 Conn. 339, 342-43, that preparation of architectural plans actually used in the construction of a building qualify for a mechanic's lien. The drilling and blasting activities of the plaintiff were performed on the CT Page 10911 land itself and can be considered site development work under the terms of the amended statute even if the court accepts American's argument that these activities did not actually improve the property. Before the 1974 amendment to section 49-33, the drilling of a well qualified for a lien, Balch v. Chaffee, 73 Conn. 318, 320-21, and Camputaro v. Stuart Hardwood Corporation, 180 Conn. 545, 553-54, suggests that road construction and grading of a building site are covered by the amended statute. In addition, there was evidence at the hearing that the plaintiff dug a trench to bring in utility lines. These services involved physical work upon and materials rendered to the real estate in question which can be considered services rendered in site development whether or not they improve the value of the property.
American relies upon a Pennsylvania decision which held that a mechanic's lien could not be placed on land for strip mining of coal and backfilling unconnected with the construction of any building or other permanent structure. Yellow Run Coal Company v. Yellow Run Energy Company,420 A.2d 690 (Pa. 1980). However, the provisions of the Connecticut mechanic's lien statutes differ sufficiently from those of other states so that precedents elsewhere are of limited utility in interpreting our statutes. Nickel Mine Brook Associates v. Joseph E. Sakal, P.C., supra, 365; Camputaro v. Stuart Hardwood Corporation, supra, 551. The plaintiff is entitled to a lien under section 49-33 as amended in 1974.
Section 49-34 of the General Statutes requires a mechanic's lien to be served "upon the owner of the building, lot or plot of land" within thirty days after the certificate of lien is filed in the town clerk's office. The decision in Red Rooster Construction Co. v. River Associates, Inc., supra, which is now on appeal, holds that the mortgagee of the property has to be served with a copy of the lien since it can be considered the "owner" of the property. This is based on the title theory of mortgages which applies in Connecticut and holds that the mortgagee has legal title to the mortgaged property, while the mortgagor has equitable title amounting to the equity of redemption. Barclays Bank of New York v. Ivler , 20 Conn. App. 163 , 166; see also Conference Center Ltd. v. TRC, 189 Conn. 212, 218.
The term "owner" is used in different contexts in the General Statutes, and while it often is used in the context of real estate with reference to title, Warner v. Leslie-Elliott Constructors, Inc., 194 Conn. 129, 137, its meaning depends upon the legislative intent, and it must be interpreted in its context and according to the circumstances CT Page 10912 in which it is used. Smith v. Planning Zoning Board,203 Conn. 317, 322; Warren v. Borawski, 130 Conn. 676, 679-80.
This court declines to follow the Red Rooster decision. While the mortgagee may have legal title to the property against which the lien is filed, the mortgagor is, as a practical matter, more affected by the lien since it is in possession of the property and has the equity of redemption and can at its option pay off the debt and extinguish the rights of the mortgagee. Moreover, reading section 49-34 to mean that the "owner" of the property is the mortgagee is contrary to the practical results of the application of the mechanic's lien statutes over many years, where the property owner has been served with the mechanic's lien based upon "an agreement with or by consent of the owner of the land upon which the . . . materials were furnished or services rendered . . . ." Section 49-33 of the General Statutes. If "owner" in section 49-34 is construed to mean the mortgagee rather than the mortgagor, this is not easily reconciled with the other provisions in the mechanic's lien statutes. It would mean, in effect, that the lien claimant can serve the bank and ignore the property owner with the equity of redemption, and that a mechanic's lien under section 49-33 would require the consent of the bank holding the mortgage and not the property owner who requests the work on the property directly or through an agent. This has never been the practice in this state. Moreover, the only party that can file a motion to discharge a mechanic's lien is the owner of the real estate if no action to foreclose the lien has been commenced, section 49-35a(a) of the General Statutes, and applications for discharge of liens have consistently been brought in this state by the property owner and not by holders of mortgages on the liened property. Finally, if the legislature had intended mortgagees and persons with an interest in land other than the property owner to be served with a copy of the lien, it could have easily specified this requirement in the statute. While only the owner of the real estate can bring an action to discharge a mechanic's lien prior to foreclosure of it, Henry F. Raab Connecticut, Inc. v. J. W. Fisher Co., 183 Conn. 108, 113, any party to a foreclosure action can make a similar motion prior to trial. Section 49-35a(c) of the General Statutes. This distinction recognizes that the property owner rather than the mortgagee has a greater interest in the mechanic's lien on the property until a foreclosure action is started. Neither American nor any other mortgagees or lienors had to be served with a copy of the certificate of lien filed in the land records.
The motion to discharge the mechanic's lien is denied. CT Page 10913
ROBERT A. FULLER, JUDGE