[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION TO DISCHARGE OR REDUCE MECHANICS LIEN
This is an application dated September 5, 1991, to discharge or reduce a certain mechanics lien filed by a subcontractor Romaine Scoffone d/b/a A-1 Masonry Contractors ("Scoffone") on September 4, 1991 in the Manchester land records, in the amount of $93,298.04 against premises owned by Wal-Mart Stores Inc. ("Wal-mart") on Pavilions Drive, Manchester, arising out of a contract between Scoffone and Orland Annulli and Sons, Inc. ("Annulli") the general contractor. The sub-contract was for masonry materials and works performed on a building known as Sam's Mart. This application was brought on behalf of Wal-Mart by Annulli under the [provisions of C.G.S. 49-35 (b) and was heard by this court on October 2, 4 and 17, 1991.
Certain procedural claims asserted by Wal-Mart as to the validity of service and return of notice of the mechanics lien have either been abandoned or are found to be without merit.
This court heard lengthy testimony regarding the contact between Wal-Mart and Annulli and the subcontract between Scoffone and Annulli; the nature, amount and dates of the masonry work performed by Scaffone; the amounts owed to various suppliers of Scoffone; the amount of material delivered to the site and actually installed; circumstances of the alleged change orders in the building plans; and the termination of the subcontract with Scoffone on the ground that Scoffone was not proceeding at a reasonably fast rate of speed; and the costs of completing the job by another subcontractor. Evidence was also heard of the payment by Wal-Mart or Annulli of suppliers' bills incurred by Scoffone on the job.
Under 49-35 (b) C.G.S. a subcontractor is "required to establish that there is probable cause to sustain the validity of his lien". Thereafter, in order to modify the mechanics lien, the opponents are required to prove by "clear and convincing evidence that the validity of the lien should not be sustained or the amount of the lien claimed is excessive and should be reduced". The Appellate Court has made it clear that in such a hearing the subcontractor does not have to establish that he will prevail, only that there is probable cause to sustain the validity of his claim Pero Building Co. v. Smith,6 Conn. App. 180, 183 (1986) citing Ledgebrook Condominium Assn., Inc. v. Lusk Corporation, 172 Conn. 577, 584 (1977).
Probable cause is found that Scoffone incurred suppliers CT Page 355 bills in the amount of $76,128, additional labor costs of $22,500 and additional material costs of $15,000 on the job for a total of $113,628, against which it received pursuant to its first requisition, payment of $20,594, leaving a balance of $93,034. We find further that Wal-Mart has proved by clear and convincing evidence that it paid, or assumed payment without liability to Scoffone, suppliers bills to Scoffone for materials used on the job in the amount of $63,066. Accordingly the amount of the mechanics lien found to be valid in the amount of $93,034 is reduced by $63,066 pursuant to the provisions of C.G.S. 49-35b.(b)(3), leaving a balance of $29,968.
Application to reduce mechanics lien is granted, leaving a balance of $29,968.
WAGNER, J.