[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION RE:APPLICATION FOR DISCHARGE OF MECHANIC'S LIEN]
This is an application to discharge a mechanic's lien. The lien was placed upon land of the applicant, International Real Estate Limited Partnership ("International"), by the lienor, CT Page 4522 Romaine Scaffone, d/b/a Atlas Masonry ("Scaffone"). The defendant lienor Scaffone placed the lien upon the property as a result of having performed services as a subcontractor for the prime or general contractors Hylwa Brothers, Inc. ("Hylwa").
The lien in the amount of $25,000.00 is dated September 7, 1993 and recorded September 14, 1993. The lien is placed against the real estate of the owners, International, and is located in Derby, Connecticut. The work was performed pursuant to a written contract between the subcontractor Scaffone and the general contractor Hylwa. Services were commenced May 3, 1993 and ceased August 20, 1993.
The original return of service was destroyed by the sheriff making service on the mistaken belief that the matter was resolved. A supplemental return dated December 20, 1993 alleges that service was originally made on September 14, 1993 certified mail at the Hamden Branch of the United States Post Office. The notice of intent and the lien were sent to International c/o August-Thonard Corp, 39 Lewis Street, Greenwich, Conn., and also to 30 Prospect Street, Darien, Conn. Service was also made upon the Secretary of State for the State of Connecticut. The supplemental return indicates that documents were returned with the endorsements thereon to Attorney Lewis, attorney for Scaffone, on October 4, 1993.
While the sheriffs supplemental return alleges that service was made on September 14, 1993 by leaving the necessary papers at the U.S. Post Office. The receipts from the post office are stamped September 15, 1993. Based on this information, it is obvious that service was actually made on September 15, 1993 rather than September 14, 1993 as indicated in the sheriff's return.
The applicant International elicited testimony that the lienor Scaffone did not recollect any oath being taken at the time he signed the mechanic's lien. The acknowledgement signed by the notary public does indicate that an oath was administered. (See Exhibit 1).
The owner applicant, pursuant to § 49-35a(a) of the Connecticut General Statutes may apply to the court for a hearing to determine the validity of the lien and, if found to be invalid, a discharge of the lien.
"Whenever one or more mechanics' liens are placed upon CT Page 4523 any real estate pursuant to §§ 49-33, 49-34, 49-35 and 49-38, the owner of the real estate, if no action to foreclose the lien is then pending before any court, may make application . . ., that a hearing or hearings be held to determine whether the lien or liens should be discharged or reduced. . . ."
Conn. General Statutes § 49-35a(a).
Section 49-35b(a) defines the burden of proof required of the various parties at such a hearing:
 "Upon the hearing held on the application or motion set forth in § 49-35a, the lienor shall first be required to establish that there is probable cause to sustain the validity of the lien. Any person entitled to notice under § 49-35a may appear, be heard and prove by clear and convincing evidence that the validity of the lien should not be sustained or the amount of the lien claimed is excessive and should be reduced."
Conn. General Statutes § 49-35b(a).
Upon completion of the hearing, the court may
 "Upon consideration of the facts before it, the court or judge may: (1) Deny the application or motion if probable cause to sustain the validity of the lien is established, or (2) order the lien discharged if (A) probable cause to sustain its validity is not established, or (B) by clear and convincing evidence its invalidity is established. . . ."
Conn. General Statutes § 49-35b(B).
"The purpose of the mechanic's lien is to give one who furnishes materials or services `the security of the building and land for the payment of his claim by making such claim a lien thereon. . . .' A subcontractor's right to claim a lien against a property owner with whom he is not in privity was `created because the subcontractor has furnished material or labor to or for the contractor which has gone into the owner's building'. . . . Because the mechanic's lien is a creature of statute, a lienor must comply with statutory requirements in order to perfect his lien. . . . CT Page 4524 Provisions of mechanic's lien law should be liberally construed so as to reasonably and fairly implement its remedial interest." (Internal citations omitted). [H S Torrington Associates v. LutzEngineering Co.], 185 Conn. 549, 553.
Our Supreme Court had in the case of [City Lumber Company v.Bosuk [Borsuk]], 131 Conn. 640, 645 stated that: "The mechanic's lien legislation is remedial in character, and should be construed so as to carry out its fundamental purpose. [Pierce, Butler Pierce Mfg.Corporation v. Enders], 118 Conn. 610, 615, 174 A. 169 and causes cited. Courts have been liberal in considering errors in matters of detail but have insisted upon reasonable compliance with specific provisions of the statute. . . ."
In this matter, the mechanic's lien certificate leaves blank the day and month on which the Notice of Intention to claim was duly served. In addition, the applicant claims that the lienor Scaffone did not execute the certificate under oath and that the notices were signed, after they were claimed under oath, to have been already served. While the applicant claims that the lienor signed the certificate without an oath being administered, the acknowledgement indicates an oath had in fact been administered. As for the certificate of lien having the date on which the notice of intention to service was blank, the record shows that both the notice and certified copy of the certificate of lien was claimed to have been served on September 14, 1993 when it had in fact been served on September 15, 1993.
The purpose of the Notice of Intent is to acquaint the owner to the fact that a lien has been placed on his property. Both the notice and the certificate were in fact served upon the owner thus fulfilling the requirement of notice. The court finds that there has been reasonable compliance with the provisions of the statute.
What is of substantial significance is the applicant's claim that the lienor Scaffone has waived his right to file any lien for his services. Paragraph 4 of the contract between the contractor Hylwa Brothers and the subcontractor Scaffone reads as follows:
 "Subcontractor shall pay when due all claims for which a lien may be filed either against the real estate of owners or against payments due from owner to builder. [To the fullest extent permitted by law, subcontractor agrees that no liens or other claims in the nature of a lien against the real estate of owner or against payments dueCT Page 4525 from owner to builder shall be filed in connection with the work either by subcontractor or by any party who has performed work or has supplied materials or equipment used in or in connection with the performance of this contract.] No payment on account of any application for payment submitted hereunder shall be due unless subcontractor has delivered to builder a complete release, in form and substance satisfactory to building, of all liens arising out of the work included in such application for payment. (Emphasis added.)
See Exhibit A.
The lienor claims that he has not waived his right to a mechanic's lien. His argument is based on the fact that paragraph 4 of the contract does not contain the work "waiver" and that the paragraph is not self-executing. His position is based upon [PeroBuilding Co. Inc. v. Smith], 6 Conn. App. 180 504 A.2d 524 The court interprets [Pero] otherwise.
A waiver is defined as: "The intentional relinquishment of a right, claim or privilege." [American Heritage Dictionary], New College Edition.
The language of the contract is clear and definitive. The intention of the parties is unmistakable. The language can only be construed as a voluntary and absolute waiver of the lienor's statutory right to file a mechanic's lien on the applicant International's property.
The mere fact that the word "waiver" is not used in paragraph 4 does not take away the clear intent of the paragraph. A mechanic's lien is a statutory right or privilege. It is obvious that the lienor Scaffone was clearly intending to relinquish his right to file a lien. The language of the contract is clear. One cannot overlook the plain meaning of the language employed The fact that Scaffone claims that he did not read the contract upon his signing of it is of no moment. His signing of the contract binds him to its terms.
 "Subcontractor agrees that no lien . . . shall be filed in connection with the work either by the subcontractor or . . . ."
Exhibit A, Contract, paragraph 4. CT Page 4526
The applicant International has by clear and convincing evidence shown that the mechanic's lien is invalid. The mechanic's lien is declared void and hereby discharged.
The Court
By Curran, J.