[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISCHARGE MECHANIC'S LIEN
This matter has come before the court on a Motion to Discharge a Mechanic's Lien. The plaintiff Kelly alleges that he had rendered services and supplied materials on property owned by the defendants herein and that there is due and owing the sum of $28,000.00. Pursuant to section 49-33 of the Conn. General Statutes, the plaintiff has filed a lien against the property known as 71 Hillside Avenue in the City of Milford. CT Page 12956 The defendant, pursuant to sections 49-35a and 49-35b Conn. General Statutes, has filed a motion to discharge said lien.
It appears from the facts that the defendants owned property at 71 Hillside Avenue, Milford, which was heavily damaged during a hurricane. The house was damaged to the extent that what remained was the foundation. Some items of plumbing along with a stained glass window were salvaged. The plaintiff agreed to construct a new home on the foundation, installing the items that were salvaged for the sum of $128,000.00. The plaintiff commended work in February of 1994 and continued until sometime in September of the same year when he was ordered off the job. He thereafter filed a Notice of Intention to Lien along with the Mechanic's Lien claiming he was owed the sum of $28,000.00.
Plaintiffs testified that the job was almost complete with about $1,000.00 of the work remaining to be done. The defendant testified that the defendant was late in completing the job and that about $5,000.00 worth of work remained to be done. The work was commenced during a winter of severe storms causing the plaintiff to fall behind in his schedule. Nevertheless, he was behind only two weeks at the time he was taken off the job.
The defendants claim that this was a remodelling or reconstruction of an existing house and, since the agreement was not in writing, it was in violation of the Home Improvement Act, section 20-429 of the Conn. General Statutes.
The issue for the court to determine is whether the plaintiff established probable cause to sustain the validity of his lien and, if so, whether the defendants have shown by clear and convincing evidence that the plaintiff is not entitled to the lien and that therefore it should be discharged.
Probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances in entertaining it. Wall v. Toomey,52 Conn. 35 (1894). The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim. Ledgebrook Condominium Assn., Inc.v. Lusk Corporation, 172 Conn. 577 (1977).
To determine whether there is probable cause to grant the CT Page 12957 remedies requested, the trial court is vested with a broad discretion. Price Saveer, Inc. v. Maynard, 5 Conn. App. 90
(1985).
The mechanic's lien statute is remedial in nature, designed to furnish security for a contractor's labor and materials.Reve Dry Wall Co. v. Strawberry Hill Associates, 182 Conn. 568
(1980). The provisions of the mechanic's lien statute should be liberally construed in order to implement its remedial purpose of furnishing security for one who provides services or materials. H S Torrington Associates v. Lutz Engineering Co.,185 Conn. 549 (1981); Henry Raab Connecticut, Inc. v. J. W.Fisher Co., 183 Conn. 105 (1981).
Plaintiff commenced work at the defendants' direction. The work was substantially complete. A significant amount of this work was unpaid for by the defendant despite a demand being made for its payment. Testimony of the plaintiff shows the amount of $28,247.00 being owed with $1,000.00 worth of work remaining.
The testimony of the defendant admits that she engaged the plaintiff to do the work; that he completed a substantial part of the work; the only difference being that the expenditure of $5,000.00 was necessary to complete the work.
The defendant argues that the work in question constituted a renovation and was therefore a home improvement, thus requiring, under the terms of the Home Improvement Act section20-429(a)(1), that the contract be in writing. Furthermore, the defendants contend that this is a home improvement and therefore does not come under the "new home" exclusion contained in section 20-419(A).
Section 20-427(4) defines "Home Improvement" as ". . . the repair, replacement, remodeling, alteration, modernization, improvement, rehabilitation . . . of a private residence."
The defendant relies on an unreported case, SeaportElectric v. Friedlander, Docket No. CV91 0120366S, (May 24, 1993) Superior Court Judicial District of Stamford/Norwalk at Stamford, wherein a portion of the former home remained but that 90% of the dwelling was new. The court in that instance relied on the standard definition of the word "replace" as meaning "to take or fill the place of something." CT Page 12958
In the case before this court, the only items salvaged were the foundation, a stained glass window, kitchen sink and the bathroom sink and faucet.
With the few items salvaged this can hardly be called a "Home Improvement". It amounts to the construction of a new house. The defendant has not proven by clear and convincing evidence that the lien is invalid. The plaintiff has, however, sustained his burden as to probable cause. The Motion to Discharge the Mechanic's Lien is denied.
The Court Curran, J.