[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant filed a motion to discharge or reduce the mechanic's lien filed by Joseph P. Moynihan d/b/a Moyhihan Plumbing Company. Connecticut General Statutes § 49-35b(a) provides that "upon the hearing held on [an] application or motion [for reduction or discharge of a mechanic's lien], the lienor shall first be required to establish that there is probable cause to sustain the validity of his lien." "The probable cause standard embodied in the statute is analogous to that provided in the statutory provision relating to prejudgment remedies." Pero Building Co. v. Smith, 6 Conn. App. 180, 182
(1986).
"`The legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances in entertaining it' Wall v. Toomey, 52 Conn. 35, 36 (1884). Probable cause is CT Page 9328 a flexible common sense standard. It does not demand that a belief be correct or more likely true than false. Texas v.Brown, 460 U.S. 7300, 103 Ct. 1535, 75 L.Ed.2d 502 (1983). The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim. LedgebrookCondominium Assn. Inc. v. Lusk Corporation, 172 Conn. 577, 584
(1977). The court's role in such a hearing is to determine probable success by weighing probabilities." Three S. DevelopmentCo. v. Santore, 193 Conn. 174, 175-76 (1984).
In the instant case, evidence was presented indicating a probability that plaintiff was still owed the amount of $34,525.00. Therefore, the court finds probable cause to sustain the validity of the lien. However, the court understands that defendant is attempting to refinance the present mortgage on the property. Therefore, the court orders the mechanic's lien be discharged conditioned upon the posting of a bond, with surety, in the amount of $34,525.00.
SWIENTON, J.