[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISCHARGE MECHANIC'S LIEN
The plaintiff, Cameron Plumbing Heating ("Cameron"), has secured a mechanic's lien against property owners, Edward Reilly and Debra Arzsyla (the "owners"). The owners have now filed a motion to discharge the lien.
The facts of the case are as follows. The owners contracted with International Home Improvers Company ("general contractor") for certain home improvements. The general contractor, in turn, entered into a subcontract with Cameron for plumbing and heating services which were performed between March 5, 1997 and July 28, 1997. The owners' contract with the general contractor was for a total fee of $81,756.00. The owners paid the entire sum to the general contractor with the exception of $7,500. This latter payment was withheld by the owners when they discovered defects, the correction of which would exceed the amount due the general contractor under the contract.
In the meantime, however, Cameron was still due $4,425.00 as payment for service work performed. On August 25, 1997, Cameron notified the owners of his intent to file a lien to secure the amount in question. On August 28, 1997, Cameron filed a certificate of Mechanic's Lien against the owner.
The owners have now filed a motion to discharge the mechanic's lien. Specifically, the owners argue that since the general contractor has received full payment less the reasonable cost of satisfactory completion of the contract, there is no identifiable fund to which the mechanic's lien can attach. Cameron has filed an objection to the motion to discharge and argues that there exist questions of fact that render discharge of the lien inappropriate.
Mechanic's liens are provided for by General Statutes §49-33 et seq. "[A] subcontractor's right to a mechanic's lien is said to flow from his equitable entitlement to the lien which would otherwise attach in favor of the general contractor."Seaman v. Climate Control Corp., 181 Conn. 592, 601,436 A.2d 271 (1980). Such a mechanic's lien, however, is limited CT Page 15020 in that it "shall not attach to any building or its appurtenances . . . to a greater amount in the whole than the amount by which the contract price between the owner and the person through whom the subcontractor claims exceeds the reasonable cost, either estimated or actual, as the case may be, of satisfactory completion of the contract plus any damages resulting from such default for which that person might be held liable to the owner and all bona fide payments . . . made by the owner before receiving notice of such lien or liens." General Statutes § 49-33(f). See also Tri-City Electric v.Spencer, Superior Court, Judicial District of Waterbury, Docket No. 093907 (April 18, 1991, McWeeny, J.) ("[t]he statutory mechanics lien scheme limits on liability to the contract price . . . less bona fide payments made by the owner before notice of the mechanics lien and the cost of completion").
"These provisions make it clear that a contractor's right to recover on a mechanic's lien is not unlimited, despite the contractor's own good faith observances of the statutes."Rene Dry Wall Co. v. Strawberry Hill Associates,182 Conn. 568, 573, 438 A.2d 774 (1980). "If . . . a general contractor receives progress payments that are not turned over to those who have done the work represented by the progress payments, and ultimately defaults entirely, the owner making such payments and completing such a job is protected as long as the owner acts in good faith and reasonably, as defined by the statutes. In determining whether the owner has met the statutory requirements of good faith and reasonableness, the trial court is making a finding of fact." Id.
In the present case, the owners paid all progress payments to the general contractor due under the contract for $81,756.00 with the exception of the $7,500.00 that was withheld when the owners discovered defects in the work and materials requiring corrections. According to the affidavits of the owners, the cost to repair the faulty work and damage caused by the general contractor is estimated at an additional $27,775.00. Moreover, the owners attest that all payments made to the general contractor occurred prior to the receipt of the mechanic's lien. The evidence in the present case indicates that the mechanic's lien should be discharged as the statutes creating the mechanic's lien prohibit a lien where contractual liability is exceeded by good faith payments together with the owners' costs of completion. CT Page 15021
Nonetheless, Cameron suggests that there exist issues of fact which prohibit the discharge of the mechanic's lien at this time. Specifically, Cameron suggests questions of fact exist in regard to 1) whether all payments to the general contractor were made prior to receipt of the notice of lien; 2) whether the estimate offered by the owners is correct; 3) the amount of payment made by the owners to the general contractor; 4) whether the owners knew that Cameron was owed money and; 5) the furnishing of additional materials to the owners by Cameron that were outside the scope of the contract.
Upon a motion to discharge a mechanic's lien, the lienor is required to establish that there is probable cause to sustain the validity of his lien. General Statutes § 49-35b(a). "The probable cause standard embodied in the statute is analogous to that provided in the statutory provision relating to prejudgment remedies." Pero Building Co. v. Smith, 6 Conn. App. 180,182, 504 A.2d 524 (1986). "The legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances in entertaining it. . . . Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false. . . . The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim. . . . The court's role in such a hearing is to determine probable success by weighing probabilities." (Citations omitted; internal quotation marks omitted.) Three S. Development Co. v. Santore,193 Conn. 174, 175-76, 474 A.2d 795 (1984).
Though Cameron claims that there exist questions of fact which preclude the granting of the motion to discharge, Cameron has not met its burden of demonstrating probable cause as to its success.
The evidence before the court shows that the payments to the general contractor, combined with the estimated costs of completing the contract, greatly exceed the amount of the lien held by Cameron. Since § 49-33(f) allows estimated costs of completing the contract to be computed in determining whether the combined payments in good faith and cost of completion by the owner exceed the amount of the lien, the owners' attesting to an estimated cost of completing the contract is sufficient evidence to discharge the lien. CT Page 15022
Moreover, there is no evidence to suggest that the owners' payments to the general contractor were not made in good faith. Neither Cameron's allegation that the owners knew that Cameron had not been paid, nor Cameron's allegation that it had supplied materials to the owners outside of the contract with the general contractor, demonstrate probable cause for a mechanic's lien. As held in Rene Dry Wall Co. v. Strawberry HillAssociates, supra, 182 Conn. 574-75, evidence that the owner possesses knowledge that the general contractor is delinquent in making payments to the subcontractor is alone insufficient to constitute bad faith. Id. Furthermore, the mechanic's lien placed on the owners by Cameron was created specifically in reliance on the subcontract between the general contractor and Cameron. (The Plaintiff's Complaint, February 10, 1998, Schedule B.) Any allegations as to work or materials furnished to the owners by Cameron outside of Cameron's contract with the general contractor are outside the scope of the mechanic's lien and cannot properly serve as the basis for establishing probable cause to maintain the existence of that same lien.
The defendant owners' motion to discharge the lien is granted.
The Court
Curran, J.