[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISCHARGE TEMPORARY RESTRAINING ORDER AND PREJUDGMENT ATTACHMENT (DOCKET ENTRY NO. 106)
The court, Melville, J., entered an order attaching and restraining the defendants, Michelle Amaranto and Pacific Theft Loan Company, from transferring the property located at 1560 Laurel Avenue, Bridgeport, Connecticut. Pacific Theft Loan Company now moves to discharge the temporary restraining order and prejudgment attachment, claiming that there is no probable cause to sustain the validity of either the attachment or the restraining order that was entered. The motion is made without a memorandum in support of its claims or offer of evidence to this court.
The probable cause standard for prejudgment remedies is found CT Page 3217 in General Statutes § 52-278d(a).[1] "The legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. . . . Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false. . . . The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim. . . . The courts role in such a hearing is to determine probable success by weighing probabilities." (Citations omitted; internal quotation marks omitted.) PeroBuilding Co. Inc. v. Smith, 6 Conn. App. 180, 183, 504 A.2d 524
(1986). "The trial court is vested with broad discretion in determining whether there is probable cause to grant such remedies." Id. This court will not disturb the factual finding of the court, Melville, J., which was in the best position to weigh all the probabilities of success.
Furthermore, no argument is raised rebutting the presumption that the courts prior ruling was correct. "The general rule that a judgment, rendered by a court with jurisdiction, is presumed to be valid and not clearly erroneous until so demonstrated raises a presumption that the rendering court acted only after due consideration, in conformity with the law and in accordance with its duty." Rosenbilt v. Danaher, 206 Conn. 125, 134, 537 A.2d 145
(1988)
Accordingly, the motion to discharge the temporary restraining order and prejudgment attachment is denied.
SKOLNICK, J.