[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPLICATION FOR DISCHARGE OF MECHANIC'S LIEN
The plaintiffs seek to discharge a mechanic's lien in the amount of $7,930.00. Plaintiffs claim that the lien is invalid because it was not filed and recorded within ninety days of the last work done by the defendant on plaintiffs' residence. See General Statutes § 49-34
(1). Plaintiffs also contend that the defendant violated the Home Improvement Act, General Statutes 20-418 et. seq. and therefore the lien is invalid and unenforceable.
The testimony and documentary evidence presented at the hearing on this application was conflicting as to the scope of Dudek's work at the Verrico residence, the role Dudek played in the project, and even when the work was performed. Dudek is a state licensed home improvement contractor pursuant to General Statutes § 20-420. He met Mr. Verrico who is a State Marshal when Verrico served legal papers on behalf of Dudek. Dudek and Verrico agreed that Dudek would do work in Verrico's kitchen including hanging cabinets. The scope of work apparently expanded to include work in the dining room and the installation of skylights. Dudek CT Page 1854 testified he was not acting as a general contractor and that an electrician, plumbing and flooring man, none of whom he hired, were working on the premises. Dudek also produced work records indicating that employees (his sons) were working at the Verrico property up until June 28, 2001. The lien was filed and recorded September 21, 2001.
In contracts, Verrico testified that he had no experience as a general contractor and did not act as one in this matter. He asserted that two Dudek employees did-electrical and plumbing work. He was present each day any Dudek employee was on the site, and no Dudek employee worked there after June 13 or 15, 2001. He also pointed out that Dudek's work records indicate the type of work and location in ink but the dates are written in pencil.
The burdens of proof applicable to this proceeding are set forth in the Connecticut General Statutes. The liening party, Dudek, must first establish that there is probable cause that the lien is valid. The applicant for discharge is then required to prove by clear and convincing evidence that the lien is invalid or excessive. General Statutes §49-35b (a). The probable cause standard is a lesser burden than the normal preponderance of evidence standard used in most civil matters. See, PeroBuilding Co. v. Smith, 6 Conn. App. 180 (1989). The clear and convincing evidence standard requires more substantial and probative evidence than preponderance of the evidence.
The court finds while the facts are not entirely clear, Dudek has established probable cause as to the validity of the lien. As to the issue of the last day of work by Dudek on the Verrico property, the work records could possibly be inaccurate or falsified, but on the present record, they suffice to meet the probable cause standard.
Verrico also contends that the lien is invalid because Dudek, a registered home improvement contractor, had no written contract with Verrico that met the requirements of the Home Improvement Act. That there was no written contract between the parties is conceded. There was evidence that Verrico had a plumber, an electrician and floorer working on the premises. There was also evidence that Verrico purchased a large percentage of the material and supplies for the job, and performed a large percentage of the demolition necessary. This evidence would point toward the conclusion that Dudek was not a contractor but a subcontractor on the job and that Verrico, although a homeowner, was also acting as general contractor. However, Dudek conceded that his two sons working for him did do some plumbing and electrical work.
In Meadow v. Higgins, 249 Conn. 155 (1999) the Connecticut Supreme Court held that the Home Improvement Act did not apply to CT Page 1855 subcontractors. The distinction between a contractor and a subcontractor is a factual one, and conflicting evidence must be weighed by the trial court. Id. This court finds that Verrico has not met the burden of proving that Dudek was a contractor in these circumstances and therefore in violation of the Home Improvement Act.
The court determines the lien is valid. Dudek testified that the amount owed him is $7,115.00. The lien is accordingly reduced to that figure.
ADAMS, J.