Thomas A. Abbott and others *vs.* George A. Nash and others.

July 17, 1886.

**Settlement of Case.**—Settlement of a case upheld, though made after the time specified in the statute.

**Mechanic's Lien—Contract to Furnish Material—Statute of Frauds.**— N. owning certain land, M. made an agreement with him to erect certain buildings for him thereon, and furnish materials for the same. M. thereupon entered into a written contract with A. to furnish the materials, a large part for a lump price, and the rest for a "fair market price." M. entered upon his job, and A. had furnished him a part of the materials contracted for, when the agreement between M. and N. was cancelled, and M. and A. then verbally agreed that N. should take and stand in M.'s place, and thereupon A. furnished to N. the rest of the materials contracted for. *Held,* that the agreement between A. and N. is not within the stat-

ute of frauds; also that, as respects the materials which were to be furnished for a lump price, a part of which had been furnished to M. before the cancellation of his agreement with N., A. is not entitled to a lien, as against N.; also that, as respects the materials furnished to N., for which A. is entitled to a lien, it is not necessary, to establish the same, that A. should file with his account the written contract between him and M., or any copy thereof.

Same—Personal Judgment.—Also that A. is entitled to personal judgment against N. for the full amount of the balance due him (A.) for materials furnished, and to a judgment for a lien for so much thereof as was furnished to N., and was not part of what was to be furnished to M. for a *lump price*.

Same—Waiver of Lien—Consideration.—A formal waiver of lien, supported by no consideration, *held* ineffectual.

Appeal by plaintiffs from a judgment of the district court for Ramsey county, *Simons*, J., presiding, in an action to establish and enforce a mechanic's lien.

*John W. White, T. R. Palmer*, and *H. C. Eller*, for appellants.

*Warren H. Mead* and *W. L. Kelly*, for respondent Nash.

BERRY, J.   The findings in this case were filed January 12th; judgment entered thereon April 29th; appeal taken September 4th; case served December 1st, and settled February 24th, following. Of course, this shows a delay in the settlement of the case beyond the time specified in the statute; but, in view of the uncontroverted statements of counsel, we are of opinion that the delay was waived, and the settlement in fact made under the clause of the statute providing for a settlement within "such further time [beyond that specified] as may be stipulated or granted." Gen. St. 1878, c. 66, § 255. Upon this point the participation of the respondent's counsel in the making up of the case is significant. The motion to strike the settled case from the record is accordingly denied.

The defendant Nash was the owner of the land, and of the buildings thereon, for the construction of which the materials to which this action relates were furnished by plaintiffs. The construction of the buildings, including providing of materials, was originally let by Nash to McDonald. McDonald made a written agreement with plaintiffs for the furnishing, for a lump price, of such materials as are par-

ticularly described in such agreement as respects quantity, etc., and are styled "factory work," and for a "fair market price" for other materials not thus particularly described. McDonald entered upon his job, and plaintiffs furnished him a part of the materials, under the written contract, when, some difference having arisen between him and Nash, the contract between them was, by mutual consent, and on August 18th, cancelled and annulled, and thereupon McDonald wholly abandoned his work. Thereupon Nash, on the same day, notified plaintiffs, in the words of the finding, "of such cancellation and abandonment, and verbally agreed to and with the plaintiffs that he would stand in the place of said McDonald in his said agreement with the plaintiffs; that he would assume the same, and all the obligations of McDonald thereunder; and that said agreement should be considered in all things as having been entered into by and between the plaintiffs and said Nash." Before August 18th a considerable portion of the materials enumerated in the written agreement between McDonald and plaintiffs, and embraced in plaintiffs' present lien claim, had been furnished to McDonald by plaintiffs under said agreement, and by him used in the construction of Nash's buildings; but the trial court finds that neither the quantity, number, nor value thereof appears from the evidence. It is further found that, between August 11th and December 1st, plaintiffs, under and pursuant to the agreement between them and McDonald, furnished to McDonald, and to Nash, all the materials for which they claim a lien, except certain window weights. All of the materials so furnished were included in the "factory work," which was, under the agreement, to be supplied for a lump price, ($2,462.25,) except sundry articles of the value of $124.62, which were such as were to be furnished for a "fair market price." The window weights, of the value of $64.84, and certain other materials, of the value of $36.50, were furnished directly to Nash himself, at his instance and request. It is further found that, on account of imperfections in the materials furnished, styled "factory work," Nash is entitled to deduct $286 from the agreed lump price thereof; also that he has paid plaintiffs $2,000 on account of the materials furnished, and that he is indebted to them for said materials, and interest thereon, in a balance of $462.35.

To establish their lien the plaintiffs duly filed a duly verified account in writing, and in proper form, of the materials furnished, without, however, filing therewith their written agreement with McDonald, or any copy thereof. For their failure to file such agreement, or copy, the trial court held, as a conclusion of law, that they failed to secure any lien upon the land or buildings of the defendant. This was wrong. The "written contract" which the statute (Gen. St. 1878, c. 90, § 6) requires to be filed with the account, in order to secure a lien, is a written contract between the person furnishing labor or materials and the person to whom they are furnished. There was no written contract between the plaintiffs and the defendant. The written contract was between plaintiffs and McDonald, but the contract between plaintiffs and defendant was *verbal*, though it adopted the terms of the written contract as *its* terms.

The court further held that plaintiffs were not entitled to any relief in this action, but that defendant was entitled to costs; and judgment against the plaintiffs was entered therefor, and for the dismissal of the action.

Upon the findings the plaintiffs were clearly entitled to judgment for a lien for the price of the window weights, ($64.84,) and the other items, amounting to $36.50, and, according to what we understand to be the proper and usual practice in actions of this kind, they were entitled to a personal judgment against the defendant for the whole amount for which he was found to be indebted to them, which was, in this case, $462.35. On account of the erroneous refusal to allow the personal judgment to be taken against the defendant, and to award a lien for the window weights ($64.84) and the other articles, ($36.50,) in all amounting to $101.34, the judgment must be reversed, and the case remanded.

We may add that we have found no difficulty in holding the defendant liable on the agreement between him and plaintiffs, by which he assumed the agreement with McDonald. The case is not one in which his agreement is to pay the debt of another, (McDonald,) within the statute of frauds, but a case in which he made a new and original contract, on his own account, upon a fresh consideration, viz., that plaintiffs would go on, and furnish the unfurnished re-

mainder of the materials not furnished to McDonald, to him, and, in legal effect, release their right to a lien for the materials which had been so furnished to McDonald. *Whitney* v. *Joslin,* 108 Mass. 103.

The writing which is claimed to waive or release plaintiffs' lien right does not appear to be supported by any consideration, and is therefore ineffectual.

We have been in some doubt as to whether it was best to order a new trial, or to direct judgment to be entered, upon the findings of fact, in accordance with the foregoing views. On the whole, we have concluded that the latter course is best for all parties concerned.

So far as the balance of indebtedness found against the defendant ($462.35) is made up on account of such materials as were to be furnished for the lump price or sum heretofore mentioned, the plaintiffs would be entitled to no lien as against defendant; for the contract for furnishing them having been entire, and for an entire price, there is no way of separating the price of what was furnished to McDonald from the price of what was furnished to Nash; and, besides this, the court below was unable to find what quantity, number, or value thereof was furnished to either. *Morrison* v. *Minot,* 5 Allen, 403; *Graves* v. *Bemis,* 8 Allen, 573; *Mulrey* v. *Barrow,* 11 Allen, 152; *Whitney* v. *Joslin,* 108 Mass. 103.

As to the items before mentioned, amounting to $124.64, we are inclined to believe that, upon the evidence, the court might well have found that they were furnished to Nash after McDonald left the job, but the failure to find at all, as to the time when they were furnished, should have been corrected by a motion to amend the findings of fact.

This is all which it appears to be necessary to say in this case, and the result is that the judgment is reversed, and the case remanded, with directions for a personal judgment against defendant Nash for $462.35, with interest from January 12, 1885, (the date of the finding,) and for a judgment for a lien for $101.34 of said sum of $462.35, with interest from the same date. As respects the matter of interest, the result may not be exactly accurate, but the inaccuracy is so small that it may be well disregarded.

Judgment reversed, and case remanded.