# THE SUSSEL CO. v. FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF ST. PAUL AND OTHERS. FRANK MOORE, d.b.a. MOORE DECORATORS, APPELLANT.

232 N. W. 2d 88.

July 3, 1975—No. 44881.

*Barna, Guzy, Hynes, Giancola & Jensen, G. D. Giancola,* and *Edward A. Bock, Jr.,* for appellant.

*Thompson, Hessian, Fletcher, McKasy & Soderberg* and *Jerome J. Sicora,* for respondent.

Heard before Rogosheske, Peterson, and Kelly, JJ., and considered and decided by the court en banc.

PETERSON, JUSTICE.

This appeal by Moore Decorators arises from a mechanics lien foreclosure action involving an apartment project known as Highland Royale Apartments, in White Bear Lake. John Allen

Corporation was the general contractor and a part owner. Construction began in 1971, financed by a mortgage in favor of respondent, First Federal Savings and Loan Association of St. Paul, in the amount of $900,000. Following foreclosure of the mortgage, First Federal became the owner subject to existing mechanics lien rights. The issue involves the validity of certain lien waivers made by appellant, Moore Decorators, which was a painting subcontractor of John Allen Corporation on this project. It is stipulated that appellant's lien had attached before respondent's mortgage was filed.[1]

Three lien waivers are involved in this foreclosure action. Two of them, dated April 14, 1972, and May 1, 1972, each in the amount of $4,000, on their faces expressly waived "all rights which may have been acquired by the undersigned to file mechanic's lien against said premises for labor, skill or material furnished to said premises prior to the date hereof." The third waiver consists of a check dated July 13, 1972, issued from respondent, then mortgagee, to appellant, at the request of John Allen Corporation, in the amount of $2,500, the reverse side of which contained the following statement:

"In consideration of the payment received hereby and by the endorsement hereof the payee waives all rights acquired or hereafter to him accruing to a lien on the premises hereinafter described for labor, skill, or materials performed or furnished by him or which he may hereafter perform or furnish in the improvement of said premises and acknowledges that the mortgage thereon of the First Federal Savings and Loan Association of St. Paul is superior to any lien rights of payee. Said premises are Part of Lot 3, Auditor's Sub. No. 78, White Bear Lake, Mn."

[1] The foreclosure action was originally commenced by The Sussel Co. against the owners, mortgagee, contractor, and subcontractors on the Highland Royale Apartment project. The trial from which this appeal is taken involved only appellant, Moore Decorators, and respondent, First Federal Savings and Loan Association of St. Paul..

This instrument was endorsed, directly below the quoted language, by "Moore Decorators, Frank Moore, Owner." No further payments were made by either John Allen Corporation or respondent following receipt of that check by appellant. Appellant ceased work on the project thereafter and timely filed a mechanics lien statement in October 1972, claiming an amount due and owing of $7,228.

The trial court in the foreclosure action adjudged that appellant had effectively waived its mechanics lien rights but granted judgment to appellant against John Allen Corporation in the amount of $7,228. This appeal followed.

1. The first two lien waivers have no relevance to the issue before us for appellant's claim relates to the period between May 15 and August 17, 1972, a period subsequent to the execution of those waivers. As we have previously held, a lien waiver which "waives all rights acquired to date" does not waive rights acquired subsequent to the execution of the waiver. Engler Bros. Const. Co. v. L'Allier, 280 Minn. 208, 159 N. W. 2d 183 (1968).

2. The third waiver, which directly relates to the period of appellant's claim, presents a more difficult problem. We conclude that it was not supported by consideration and was, therefore, not effective.

It is established law in Minnesota that a lien waiver must be based upon a consideration.[2] McLellan v. Hamernick, 264 Minn. 345, 118 N. W. 2d 791 (1962); Project Plumbing Co. v. St. Croix Properties, Inc. 297 Minn. 409, 211 N. W. 2d 873 (1973); Cook v. Metal Building Products, Inc. 297 Minn. 330, 211 N. W. 2d 371 (1973); Abbott v. Nash, 35 Minn. 451, 29 N. W. 65 (1886).

It can generally be said that a materialman who receives payment in exchange for a signed waiver has received a sufficient

---

[2] Respondent asserts that consideration is not required, citing Minneapolis Builders Supply Co. v. Calhoun Beach Club Holding Co. Inc. 186 Minn. 635, 244 N. W. 53 (1932). That case seems to be an unexplained anomaly in a long history of contrary case law, and has been overruled sub silentio.

consideration to support a waiver of all lien rights accruing from the work for which payment was received. However, a waiver in consideration of payments made by one legally bound to pay the claimant does not constitute valuable consideration so as to bar a lien for any amount remaining unpaid. This rule is generally based on the legal principle that doing what one is bound to do is not a valuable consideration. Beebe Const. Corp. v. Circle R Co. 10 Ohio App. 2d 127, 226 N. E. 2d 573 (1967) ; 53 Am. Jur. 2d, Mechanics' Liens, § 293.

In Project Plumbing Co. v. St. Croix Properties, Inc. *supra*, a subcontractor gave a lien waiver which on its face indicated that it was in full payment for labor and materials furnished to date. The waiver was made in exchange for a partial payment of the sum owing. We held that the required consideration was lacking and that the subcontractor could enforce his lien for the unpaid portion, noting that the owner "had no right" to exact from the subcontractor a lien waiver for the unpaid balance as a condition to its paying the subcontractor "the amount it had a legal obligation to remit. Consideration for the waiver was wholly lacking." 297 Minn. 412, 211 N. W. 2d 875.

In Engler Bros. Const. Co. v. L'Allier, *supra*, a lien waiver of "all rights acquired to date" was held not to include lien rights arising from labor done prior to the date of the waiver but not included in the payment given in exchange for the waiver.

In Lundstrom Const. Co. v. Dygert, 254 Minn. 224, 94 N. W. 2d 527 (1959), a contractor waived all rights to file mechanics liens against the premises for labor, skill, or material furnished prior to the date of the lien waiver. Notwithstanding the lien waiver, the trial court found that the contractor was entitled to the balance of the contract, plus payment for extra work. We reversed. We held that the waiver, which was signed after all work was virtually completed, was given at a time when the owner intended thereby to settle a number of disputes with the contractor. The amount due was not settled, and the parties agreed to settle on a figure and thereby waive all disputed

claims; paying out a sum in settlement of an amount in dispute is clearly valid consideration.

A number of cases stand for the proposition that, where the conditions of promissory estoppel are present, the materialman is barred from denying the waiver's validity. If a materialman acts in such a manner that the owner acts in detrimental reliance upon the materialman's waiver, then the materialman is estopped from denying a lack of consideration to support his waiver. McLellan v. Hamernick, *supra*. See, also, Colvin Lumber & Coal Co. v. J. A. G. Corp. 260 Minn. 46, 109 N. W. 2d 425 (1961). The elements of estoppel, however, are not present in the instant case.

For the lien waiver on the back of respondent's check to be effective, then, there must be valid consideration supporting it. Such a determination necessarily depends on whether respondent was legally obligated to make the payment of $2,500 to appellant.

On June 27, 1972, respondent received a pay order from John Allen Corporation for the payment of $2,500 to plaintiff. Under the agreement between respondent and the John Allen Corporation, respondent was not obligated to honor the pay order. However, in a separate portion of the pay order titled "Receipt and Lien Waiver," respondent, exercising its discretion, specifically agreed to pay the specified amount in exchange for appellant's relinquishment of all liens acquired by appellant "to and including this date." Frank Moore, owner of Moore Decorators, signed the lien waiver, thereby waiving all lien rights acquired to June 27, in exchange for respondent's promise to honor the pay order. This agreement was supported by mutual consideration and constitutes a binding document.

On July 13, 1972, respondent issued its $2,500 check to appellant pursuant to its promise of June 27, 1972. On the reverse of this check was a stamped lien waiver statement, purporting to extinguish all *priorities* and all past and *future* rights of the payee upon endorsement and presentment by appellant. It is this lien waiver upon which respondent relies. However, it is clear that respondent agreed on June 27 to pay appellant in exchange for

appellant's waiver of past lien rights. Thus, appellant's purported waiver of priorities and future lien rights on July 13 was devoid of consideration, as respondent was merely doing that which it was already obligated to do. Beebe Const. Corp. v. Circle R Co. *supra.* Appellant received respondent's promise to pay in exchange for its waiver of past lien rights. The waiver of priorities and future lien rights required additional consideration, totally lacking in this case.

As a result, we hold that the check issued by respondent was not voluntary, but was made pursuant to an existing legal commitment. The lien waiver printed on the reverse side of the check, then, was void of the additional consideration necessary to waive future lien rights from and after June 27, 1972, and was unenforceable. Accordingly, we reverse the judgment of the trial court and remand so that judgment may be entered in conformance with this opinion.

Reversed and remanded.