DAYSIDE INC., a Nevada Corporation, Petitioner, v. THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for CARSON CITY, and THE HONORABLE WILLIAM A. MADDOX, District Judge, Respondents, and PARKWAY MANOR INC., a Nevada Corporation, Real Party in Interest.

No. 40580

August 29, 2003

75 P.3d 384

*Richard G. Hill,* Reno, for Petitioner.

*Hale Lane Peek Dennison & Howard* and *Jerry M. Snyder,* Reno, for Real Party in Interest.

Before ROSE, MAUPIN and GIBBONS, JJ.

## OPINION[1]

*Per Curiam:*

This original petition for a writ of mandamus or certiorari challenges a district court order that granted the real party in interest partial summary judgment on petitioner's mechanic's lien foreclosure claim for relief and dismissed the accompanying lien. The district court ruled that a construction contract executed by petitioner and the real party in interest contained an enforceable mechanic's lien waiver provision. Petitioner now seeks a writ of mandamus or certiorari directing the district court to reverse the partial summary judgment and restore the mechanic's lien.

We conclude that contractual lien waiver provisions do not violate public policy, that the waiver present in this case was sup-

---

[1]In January 2003, we resolved this case in an unpublished order denying writ relief. Subsequently, petitioner Dayside Inc. moved to publish the decision as an opinion. We grant the unopposed motion and issue this opinion in place of our unpublished order.

ported by the contract's terms, and that the voluntariness of petitioner's waiver is beyond our review. Therefore, we deny the petition, as the district court did not abuse its discretion in entering partial summary judgment and dismissing the lien.

## FACTS

In May 1999, petitioner Dayside Inc. and real party in interest Parkway Manor Inc. executed a pre-printed form contract requiring Dayside to construct an apartment building on Parkway's real property. Parkway agreed to pay Dayside a total of $9,165,226 in monthly installments, and Dayside agreed, among other things, that it would

> not file a mechanic's or materialman's lien or maintain any claim against [Parkway's] real estate or improvements . . . on account of any work done, labor performed or materials furnished under this Contract . . . .

The parties crossed out language imposing the lien waiver on subcontractors, and then wrote that Dayside's waiver of lien rights was valid "to the extent such waiver is in accordance with Nevada law."

According to Dayside, after "Parkway refused to pay Dayside large sums of money owed," Dayside recorded a mechanic's lien and later joined a subcontractor in litigation already underway against Parkway. Dayside apparently pleaded various contract and tort claims for relief against Parkway, including one seeking to foreclose the mechanic's lien.

In June 2002, the district court granted Parkway partial summary judgment, ruling that the contract's lien-waiver provision was clear and not contrary to Nevada law. The district court then ordered Dayside's mechanic's lien dismissed. In December 2002, Dayside filed in this court the instant petition for a writ of mandamus or certiorari, challenging the partial summary judgment and dismissal.

## DISCUSSION

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust or station,[2] or to remedy a manifest abuse of discretion.[3] A writ of certiorari, on the other hand, serves to remedy jurisdictional excesses committed by an inferior tribunal, board, or officer, exer-

---

[2]NRS 34.160.

[3]See Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 637 P.2d 534 (1981).

cising judicial functions.[4] Writs of mandamus and certiorari are extraordinary remedies generally unavailable if the petitioner has a plain, speedy and adequate legal remedy, such as an appeal from a final judgment.[5] Here, Dayside could challenge the partial summary judgment and the dismissal of its mechanic's lien following the entry of a final judgment that resolves all of the parties' claims for relief.[6] But even when an appeal is an adequate remedy, this court may nevertheless exercise its discretion to consider issuing a writ of mandamus or certiorari if an important issue of law needs clarification, and public policy will be served by this court's invocation of its original jurisdiction.[7]

Dayside argues that this court should consider the instant writ petition because whether a contractor may waive its mechanic's lien rights is an issue of first impression in Nevada. Dayside elaborates that the issue "involves an important public policy of this state, specifically, the protection of materialmen and laborers." Because this petition raises an issue of first impression involving the public policy of this state, we shall exercise our discretion to consider the petition.

Dayside does not complain that the district court lacked jurisdiction to dismiss its lien by partial summary judgment. Thus, we review the dismissal for a manifest abuse of discretion.[8]

The district court dismissed Dayside's lien based on the lien-waiver provision contained in its construction contract with Parkway. Dayside argues that any provision in a contract waiving a contractor's mechanic's lien rights is void as against public policy. It is well settled in other states, though, that "a clear and unambiguous provision in a contract whereby a contractor waives his rights to a mechanic's lien or agrees not to file a lien is valid and binding and will preclude the contractor from asserting a right to

---

[4]NRS 34.020(2).

[5]NRS 34.020(2); NRS 34.170; *State of Nevada v. Dist. Ct. (Ducharm)*, 118 Nev. 609, 614, 55 P.3d 420, 423 (2002) (mandamus); *Dangberg Holdings v. Douglas Co.*, 115 Nev. 129, 137-38, 978 P.2d 311, 316 (1999) (certiorari); *Karow v. Mitchell*, 110 Nev. 958, 962, 878 P.2d 978, 981 (1994) (denying a petition for a writ of mandamus or prohibition because the petitioner had taken an appeal from the challenged order).

[6]*See Consolidated Generator v. Cummins Engine*, 114 Nev. 1304, 1312, 971 P.2d 1251, 1256 (1998).

[7]*See Diaz v. Dist. Ct.*, 116 Nev. 88, 93, 993 P.2d 50, 54 (2000).

[8]*Dangberg Holdings*, 115 Nev. at 138, 978 P.2d at 316 (observing that, on a petition for writ of certiorari, if the challenged act was within the tribunal's jurisdiction, this court's review ends even if the act was erroneous); *Round Hill*, 97 Nev. at 603-04, 637 P.2d at 536 (stating that mandamus relief is not available absent a manifest abuse of discretion).

a lien.''[9] Some state legislatures have declared a lien waiver to be against public policy.[10] But other state legislatures have expressly permitted waivers.[11] Nevada's legislative enactments are silent on the subject.[12] Absent a prohibitive legislative proclamation, a waiver of mechanic's lien rights is not contrary to public policy.[13]

Dayside further argues that the waiver here is unenforceable because there was a failure of consideration when Parkway failed to make the final payments. But even if Parkway breached the contract in regard to payment for work performed, that has no effect on the lien-waiver provision because "a mechanic's lien, once waived, cannot be revived by the owner's failure to abide by other independent covenants in the contract."[14] A waiver provision merely limits the avenues available to a contractor to collect for expended materials or labor in the event the owner fails to pay.[15] Thus, an owner's inadequate payment is an event anticipated by the parties to the contract, rather than a failure of consideration.[16]

---

[9]J. A. Bock, Annotation, *Validity and Effect of Provision in Contract Against Mechanic's Lien,* 76 A.L.R.2d 1087, 1089 (1961); *see, e.g., Durant Const., Inc. v. Gourley,* 336 N.W.2d 856 (Mich. Ct. App. 1983); *see also Landvatter Ready Mix, Inc. v. Buckey,* 963 S.W.2d 298, 301 (Mo. Ct. App. 1997) (recognizing that "[i]t has long been the rule that a mechanic's lien claim may be waived").

[10]*See, e.g.,* 770 Ill. Comp. Stat. Ann. 60/1.1 (West 2001) ("An agreement to waive any right to enforce or claim any lien under this Act where the agreement is in anticipation of and in consideration for the awarding of a contract or subcontract, either express or implied, to perform work or supply materials for an improvement upon real property is against public policy and unenforceable.").

[11]*See, e.g.,* 49 Pa. Cons. Stat. Ann. § 1401 (West 2001) ("A contractor or subcontractor may waive his right to file a claim by a written instrument signed by him or by any conduct which operates equitably to estop such contractor or subcontractor from filing a claim.").

[12]Senate Bill 206 was enacted on June 10, 2003, and strictly circumscribes attempts to waive or impair the lien rights of a contractor, subcontractor or supplier. *See* S.B. 206, § 26, 72d Leg. (Nev. 2003). This provision applies, however, only to agreements consummated on or after October 1, 2003. *Id.* § 59.

[13]53 Am. Jur. 2d *Mechanics' Liens* § 331 (1996); *see, e.g., Port City Construction Co. v. Adams & Douglass, Inc.,* 273 A.2d 121, 122 (Md. 1971).

[14]Bock, *supra* note 9, at 1089; *see also* 56 C.J.S. *Mechanics' Liens* § 254, at 291 (1992) (stating that "where the right to a mechanic's lien is absolutely waived by the contract, the binding effect of such waiver is not defeated by the owner's failure to comply with his own independent covenants and agreements").

[15]*Pero Bldg. Co., Inc. v. Smith,* 504 A.2d 524, 527 (Conn. App. Ct. 1986); *see also* 56 C.J.S. *Mechanic's Liens* § 252, at 288 (1992) ("When a contractor waives his right to a lien, he agrees not to rely on the statutory remedy, but to rely only on his common-law remedies against the owner of the property.").

[16]*See Pero,* 504 A.2d at 527.

Additionally, Dayside seems to contend that there was no consideration to support the waiver in the first place. But the contract between Dayside and Parkway involved promises by both parties—Dayside promised to construct the apartment building and Parkway promised to pay for that construction—and mutual promises have long been held sufficient consideration to support a contract.[17] The waiver provision was a bargained for part of that contract.[18] And, as explained by the Connecticut Supreme Court, "the real consideration which moves" a contractor to waive its lien rights "is the expectation that [the property owner] will be put in funds out of which [the contractor] hopes to be paid."[19] Thus, consideration supported Dayside's waiver of its mechanic's lien rights.

Dayside finally argues that its waiver of lien rights was involuntary because the resulting risk was "unknown, unquantified and . . . potentially the price of the entire job." But the waiver provision appears clear in its prohibition against mechanic's liens for "any" labor or materials expended on the project. Further, the parties acknowledged the lien waiver when they wrote into the preprinted form contract that the waiver is valid to the extent permitted by Nevada law. In any event, Dayside did not make its argument to the district court, and did not proffer any testimony from Dayside's president, who signed the contract, regarding his understanding of the waiver provision. This court is ill-equipped to determine in the first instance whether the waiver was knowingly and voluntarily granted.[20]

## CONCLUSION

Dayside has not demonstrated that the partial summary judgment dismissing its mechanic's lien was an extra-jurisdictional act or a manifest abuse of discretion warranting extraordinary relief. Accordingly, we deny Dayside's petition for a writ of mandamus or certiorari.

[17]See *Pink v. Busch,* 100 Nev. 684, 688, 691 P.2d 456, 459 (1984).

[18]See *G. R. Sponaugle & Sons, Inc. v. McKnight Const. Co.,* 304 A.2d 339, 344 (Del. Super. Ct. 1973) (observing that the consideration underlying a provision waiving lien rights in a construction contract is the same consideration supporting the entire contract, and stating that "[n]o single clause of the contract should be tested separately to determine whether an item of consideration can be identified specially with that clause"); *Torres v. Meyer Paving Co.,* 423 N.E.2d 692, 696 (Ind. Ct. App. 1981) (finding a no-lien agreement supported by the consideration underlying the parties' contemporaneous construction contract).

[19]*Bialowans v. Minor,* 550 A.2d 637, 639 (Conn. 1988) (quotation and emphasis omitted).

[20]See *Round Hill,* 97 Nev. at 604, 637 P.2d at 536 (stating that an appellate court is not an appropriate forum in which to resolve factual issues).