**2004 ND 29**

FIRST UNION NATIONAL BANK as Indenture Trustee, Plaintiff and Appellee

v.

RPB 2, LLC, a Colorado Limited Liability Company, d/b/a Palace Arms Hotel and Bismarck Hotel; Robert P. Brown; WML Services Corporation; David Schumacher; Alexandra K. Johnson; Mariner Construction, Inc.;

Dakota Boys Ranch; Workforce Safety & Insurance; North Dakota State Tax Commissioner; United States of America; Bismarck Capital, LLC; Robert J. Pepe and Claire Pepe; Don Hermanson, dba Able Painting & Contracting; any person in possession; and all persons unknown, claiming any estate or interest in, or lien or encumbrance upon, the real estate described in the Complaint, Defendants.

Don Hermanson, dba Able Painting & Contracting, Defendant and Appellant.

No. 20030021.

Supreme Court of North Dakota.

Jan. 28, 2004.

Lawrence R. Klemin (argued), and Steven M. Bitz (appeared), third-year law student, Bucklin, Klemin & McBride, Bismarck, ND, for plaintiff and appellee First Union National Bank.

Michael J. Maus, Hardy, Maus & Nordsven, P.C., Dickinson, ND, for defendant and appellant Don Hermanson, dba Able Painting & Contracting.

KAPSNER, Justice.

[¶ 1] Don Hermanson, doing business as Able Painting and Contracting ("Hermanson"), appeals the district court's summary judgment dismissal of his mechanic's lien. The district court concluded the plain language of the statute did not require consideration to waive a lien and Hermanson signed an effective lien waiver. We conclude the district court did not err when it dismissed Hermanson's claim of a mechanic's lien on the Palace Arms Hotel ("hotel") located in Bismarck, North Dakota, because Hermanson signed a valid lien waiver.

[¶ 2] On February 14, 2000, Hermanson began renovation work in the hotel pursuant to a series of eleven contracts signed by Hermanson and Robert Brown, doing business as RPB 2, LLC ("Brown"). Hermanson continued work on the hotel

through October 20, 2001. During this time, Hermanson received no payment from Brown for work on the project, although Brown promised future payment to Hermanson with funds to be secured through refinancing efforts or sale of the hotel.

[¶ 3] Brown purchased the hotel subject to a mortgage which was later assigned to First Union National Bank ("First Union"), the plaintiff in this action claiming priority over Hermanson. First Union's mortgage was filed on March 26, 2001.

[¶ 4] On September 13, 2001, Hermanson filed a Notice of Intention to Claim a Mechanic's Lien on the hotel. Shortly thereafter, Brown asked Hermanson to sign a mechanic's lien release so Brown could secure refinancing or sell the hotel and pay Hermanson from the proceeds. Hermanson filed a Release of Notice of Intention to File Mechanic's Lien on October 5, 2001. The release, in pertinent part, stated, "Hermanson . . . releases the hereinafter described property from potential claim to a Mechanic's Lien for any services arising prior to the date of this Release." Closing on the financing never occurred and Brown defaulted on the mortgage to First Union. First Union filed foreclosure proceedings on December 14, 2001.

[¶ 5] On November 23, 2001, Hermanson filed a Notice of Intent to File a Mechanic's Lien and he filed an Amended Notice of Intent to File Mechanic's Lien on December 14, 2001. On January 16, 2002, Hermanson again filed a mechanic's lien against the hotel. He now claims priority over First Union's mortgage because visible improvements to the hotel began before First Union filed its mortgage and the mechanic's lien release he filed on October 5, 2001, was invalid due to failure of consideration.

[¶ 6] The district court found Hermanson could not re-assert his mechanic's lien. The district court found Hermanson signed a valid lien release, and it did not require consideration to be valid because the plain language of the North Dakota statute does not require consideration. We agree.

## I.

[¶ 7] This is an appeal from summary judgment. This Court reviews summary judgment de novo on the entire record. *Collette v. Clausen*, 2003 ND 129, ¶ 9, 667 N.W.2d 617. Summary judgment is a "procedural device for promptly and expeditiously disposing of an action without a trial if either party is entitled to judgment as a matter of law and no dispute exists as to either the material facts or the reasonable inferences to be drawn from undisputed facts, or if resolving the factual disputes will not alter the result." *Northern Plains Alliance v. Mitzel*, 2003 ND 91, ¶ 8, 663 N.W.2d 169 (citing *Skjervem v. Minot State Univ.*, 2003 ND 52, ¶ 4, 658 N.W.2d 750). The moving party must establish there is no genuine issue of material fact and he is entitled to judgment as a matter of law. *Mitzel*, at ¶ 8. The court will view the evidence in a light most favorable to the nonmoving party. *Id.* The court gives the benefit of all favorable inferences which can reasonably be drawn from the evidence to the nonmoving party. *Id.* Summary judgment is appropriate when a party fails to establish the existence of a factual dispute he would have to prove at trial. *Id.*

## II.

[¶ 8] A party entitled to a mechanic's lien may waive that right by a signed writing. N.D.C.C. § 35–27–02. A party may also be estopped from asserting a mechanic's lien by conduct constituting

estoppel. *See Peterson Mech., Inc. v. Nereson,* 466 N.W.2d 568, 571 (N.D.1991)(citing *Sussel Co. v. First Fed. Sav. and Loan Ass'n of St. Paul,* 304 Minn. 433, 232 N.W.2d 88 (1975)). The facts of this case do not present an estoppel situation. This Court has previously held that a lien waiver is the voluntary and intentional relinquishment of a known right or privilege. *Peterson,* at 571. The presence of a valid lien waiver precludes the assertion of a mechanic's lien. *Id.*

■ [¶ 9] The issue is whether consideration is required for an effective lien waiver. The district court concluded, as a matter of law, the plain language of the North Dakota mechanic's lien statute did not require consideration for a valid lien waiver. The applicable North Dakota statute provides:

Any person who improves real estate by the contribution of labor, skill, or materials, whether under contract with the owner of such real estate or under contract with any agent, trustee, contractor, or subcontractor of the owner, has a lien upon the improvement and upon the land on which it is situated or to which it may be removed for the price or value of such contribution. Provided, however, that the amount of the lien is only for the difference between the price paid by the owner or agent and the price or value of the contribution. If the owner or agent has paid the full price or value of the contribution, no lien is allowed. *Provided further that if the owner or an agent of the owner has received a waiver of lien signed by the person who improves the real estate by the contribution of labor, skill, or materials, no lien is allowed.*

Any person who extends credit or makes a contract with any agent, trustee, contractor, or subcontractor of the owner for the improvement of real es-

tate, shall, upon demand, have the right to request and secure evidence of the legal description of the real estate upon which the improvement is located, including the name of the title owner of the real estate.

N.D.C.C. § 35–27–02 (emphasis added).

[¶ 10] This is a case of first impression. This Court has not yet ruled on whether consideration is required for a valid lien waiver. This Court first determines if a statute is ambiguous, and if so, we look to construction aids. N.D.C.C. § 1–02–39. The statute does not state consideration is required for a lien waiver. N.D.C.C. § 35–27–02. To the extent the statute can be considered ambiguous because of this omission, the legislative history is not helpful. Legislative history on this issue does not directly state whether consideration for a lien waiver was contemplated at the time the current mechanic's lien statute legislation was proposed or subsequently modified. *Hearing on S.B. 2300 Before the Comm. on Industry, Business and Labor,* 46th N.D. Legis. Sess. (January 31, 1979); *Hearing on S.B. 2300 Before the Comm. on Industry, Business and Labor,* 46th N.D. Legis. Sess. (March 12, 1979).

[¶ 11] Hermanson argues North Dakota should read into the statute that consideration is necessary for an effective lien waiver, because Minnesota requires consideration for an effective lien waiver. We disagree. Minnesota's lien statute is distinct from North Dakota's statute, both in language and prior interpretive case law.

[¶ 12] Historically, Minnesota law requires consideration for a mechanic's lien waiver to be valid. *See Sussel Co. v. First Fed. Sav. and Loan Ass'n of St. Paul,* 304 Minn. 433, 232 N.W.2d 88, 90 (1975). Minnesota's lien statute does not specifically state consideration is required for a valid waiver. *Minn.Stat.* § 514.07. However, Minnesota has substantial case law

on the subject and has long held consideration is required for a valid lien waiver. *Sussel*, 232 N.W.2d at 90; *McLellan v. Hamernick*, 264 Minn. 345, 118 N.W.2d 791 (1962); *Project Plumbing Co. v. St. Croix Prop., Inc.*, 297 Minn. 409, 211 N.W.2d 873 (1973); *Cook v. Metal Bldg. Prod., Inc.*, 297 Minn. 330, 211 N.W.2d 371 (1973); *Abbott v. Nash*, 35 Minn. 451, 29 N.W. 65 (1886). North Dakota has no such history requiring consideration for a valid lien waiver.

[¶ 13] In contrast to Minnesota's case law in which consideration is required, Wisconsin's statute does not require consideration for an agreement to be binding.[1] Wisconsin's mechanic's lien statute provides:

Any document signed by a lien claimant or potential claimant and purporting to be a waiver of construction lien rights under this subchapter, is *valid and binding as a waiver whether or not consideration was paid* therefor and whether the document was signed before or after the labor or material was furnished or contracted for. Any ambiguity in such document shall be construed against the person signing it. Any waiver document shall be deemed to waive all lien rights of the signer for all labor and materials furnished or to be furnished by the claimant at any time for the improvement to which the waiver relates, except to the extent that the document specifically and expressly limits the waiver to apply to a particular portion of such labor and materials. A lien claimant or potential lien claimant of whom a waiver is requested is entitled to refuse to furnish a waiver unless paid in full for the work or material to which

the waiver relates. A waiver furnished is a waiver of lien rights only, and not of any contract rights of the claimant otherwise existing.

*Wis. Stat.* § 779.05(1) (emphasis added).

[¶ 14] Mechanic's lien statutes vary from state to state and are inconsistent on whether consideration is required for a valid waiver. *See Minn.Stat.* § 514.07; *Wis. Stat.* § 779.05; *Ca. Civ.Code* § 3262; 770 *Ill. Comp. Stat.* 60/1 (expressly stating lien waivers are enforceable); 49 *Pa. Cons. Stat.* § 1401 (providing that lien waivers may be effectuated through written agreement or facts constituting estoppel).

[¶ 15] In Nevada, a contractor signed a lien waiver contained in a construction contract. *Dayside Inc. v. Dist. Court*, 75 P.3d 384 (Nev.2003). After failing to receive payment, the contractor sought to enforce a mechanic's lien, arguing the waiver provision in the original contract was void because it was against public policy. *Id.* at 385. The district court granted a partial summary judgment and dismissed the mechanic's lien. The Nevada Supreme Court denied a petition for a writ of mandamus to reverse the partial summary judgment and restore the mechanic's lien, concluding a prior waiver of a mechanic's lien contained in a construction contract is not void as against public policy. *Id.* at 387–88.

[¶ 16] The Nevada Supreme Court recognized the split among jurisdictions as to the validity of prior lien waivers contained in construction contracts and whether consideration was required for such a waiver to be effective. *Id.* at 386–87. In *Dayside*, the court explained Nevada legislation was silent on the issue of whether

---

**1.** "The idea of an agreement binding without consideration is not new to the law." Uniform Construction Lien Act § 215, cmt. 1 (1987). The Uniform Commercial Code § 2– 209 and the Uniform Land Transactions Act § 1–310 do not require consideration for agreement modifications to be binding. *Id.*

such lien waivers were effective,[2] and absent a legislative proclamation, the court ruled a prior waiver of a mechanic's lien is not contrary to public policy. *Id.* at 387. The Nevada court noted, "[a] waiver provision merely limits the avenues available to a contractor to collect for expended materials or labor in the event the owner fails to pay." *Dayside,* 75 P.3d at 387 (citing *Pero Bldg. Co., Inc. v. Smith,* 6 Conn.App. 180, 504 A.2d 524, 527 (1986)). The intent demonstrated by the language of the release executed by Hermanson is similar to that which was upheld by the Nevada Supreme Court.

 [¶ 17] This Court will not add words or additional meaning to a statute. *Haggard v. Meier,* 368 N.W.2d 539, 541 (N.D.1985). Essentially, Hermanson is asking this Court to add words to the mechanic's lien statute which would require consideration to validate a lien waiver. We decline to do so. North Dakota's mechanic's lien law provides persons entitled to mechanic's lien with the opportunity to waive the lien either by a signed writing, or through facts indicating estoppel. *Peterson Mech., Inc. v. Nereson,* 466 N.W.2d 568, 571 (N.D.1991). The plain language of the statute does not require consideration for an effective lien waiver. To the contrary, the plain language of the statute indicates that a written lien waiver is sufficient without separate consideration because when a written lien waiver has been signed by the person who improves the real estate, "no lien is allowed." N.D.C.C. § 37–27–02.

[¶ 18] We are persuaded that this language indicates the legislature concurred in the reasoning offered by the drafters of the Uniform Construction Lien Act:

The giving of lien waivers by subcontractors and materialmen has been a pervasive part of construction industry practice and is likely to continue to be so under this Act. The execution of a written waiver practically always is the knowing act of the claimant, is generally given to facilitate the financing of the project, and is relied upon by the construction lender, owner, and others, in dealing with the prime contractor. Therefore, under this Act, a written waiver is binding without consideration.

Uniform Construction Lien Act, § 215, cmt. 1 (1987).

[¶ 19] The Uniform Construction Lien Act was first developed in 1976 as a part of the Uniform Simplification of Land Transfers Act in an effort to modernize and lend uniformity to mechanic's and construction lien laws. Uniform Construction Lien Act, prefatory note (1987). In 1981, Nebraska adopted the UCLA in its entirety from the USLTA, while other states have chosen to partially adopt it. *Neb.Rev.Stat.* §§ 52–125 to 159; Marion W. Benfield, Jr., *The Uniform Construction Lien Act: What, Whither, and Why,* 27 Wake Forest L.Rev. 527 (1992).

[¶ 20] We are persuaded that the plain language of North Dakota's mechanic's lien statute does not require consideration for a signed writing waiving an individual's right to a mechanic's lien to be effective.

### III.

 [¶ 21] Hermanson argues his mechanic's lien waiver is void, because Brown fraudulently induced Hermanson to

---

**2.** On June 10, 2003, Nevada's lien statute was substantially revised to include provisions strictly circumscribing attempts to waive or impair the lien rights of a contractor, subcontractor, or supplier, except where the claim-

ant has executed a signed release. S.B. 206, § 26, 72d Leg. (Nev.2003). This statute did not apply because it is applicable only to contracts made on or after October 1, 2003.

file the waiver based on promises he would pay Hermanson from the proceeds from refinancing or sale of the hotel. Generally, fraud may destroy the validity of a waiver or release of a mechanic's lien. 53 Am. Jur.2d *Mechanics' Liens* § 294 (2003). In order for an individual to allege a waiver was fraudulently induced, he must plead sufficient facts which demonstrate a false representation and prove the required intent. *Id.*

[¶ 22] The burden is on the party asserting fraud to establish the elements of fraud. *See Hablas v. Armour and Co.*, 270 F.2d 71, 77 (8th Cir.1959) (applying North Dakota to a case involving allegations of fraud in an employment situation). "Among such elements is an intent to deceive." *Id.* An individual asserting fraud must prove it by clear and convincing evidence. *Id.* Fraud is never presumed, even under circumstances that give rise to suspicion of fraud. *Id.*

[¶ 23] In this case, Hermanson failed to plead facts sufficient to demonstrate fraud at the district court level. Hermanson argues Brown fraudulently induced Hermanson to file the release when Brown promised to pay him from the proceeds collected through refinancing efforts. In order to determine fraud prevented the lien waiver from being effective, Hermanson would have to show Brown never intended to pay Hermanson from the proceeds of his refinancing efforts. *See Mid–West Eng'g and Constr. Co. v. Campagna*, 397 S.W.2d 616, 626–27 (Mo.1965) (holding fraud exists where lien waivers were elicited based on documentary evidence misrepresentation). Hermanson presented no evidence which would allow this Court to infer Brown never intended to pay Hermanson out of the proceeds of his refinancing efforts.

[¶ 24] Hermanson's own evidence does not reflect the necessary intent by Brown to commit fraud on Hermanson. In an affidavit of Brown submitted by Hermanson, Brown states, "[t]he intent at all times being that payment would be made at such time as refinancing and/or sale of the hotel property occurred." Brown further stated, "RPB2, LLC, throughout the contract period, had promised Hermanson that payment would be forthcoming upon refinancing and/or sale of the property." These statements indicate that at the time of his promise to Hermanson, Brown intended to pay Hermanson when he was able to secure refinancing or sale of the hotel.

[¶ 25] If fraud was present in this case, Hermanson admits the fraud was committed by Brown against Hermanson and not by First Union. When Hermanson signed the lien waiver he knew he was relinquishing a legal right. Hermanson relied on Brown's assurances he would be paid from funds secured through refinancing or sale of the hotel. This may be relevant as to securing a judgment against Brown, but does not assist Hermanson as to his claim to priority over the mortgage of First Union. There is no evidence First Union perpetrated fraud or fraudulently induced Hermanson to sign the waiver.

[¶ 26] We affirm the district court's summary judgment dismissal of Hermanson's mechanic's lien.

[¶ 27] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, and WILLIAM A. NEUMANN, JJ., concur.

MARING, Justice, concurring specially in the result.

[¶ 28] I concur in the result. I am of the opinion that adequate consideration is required for the waiver of a lien to be valid. 53 Am.Jur.2d *Mechanics' Liens* § 289 (1996). North Dakota has not adopted the Uniform Construction Lien Act. I am also of the opinion that an

increased expectation of payment for work performed and materials supplied is sufficient legal consideration to support a waiver of lien rights. *Bialowans v. Minor,* 209 Conn. 212, 550 A.2d 637, 639 (1988); *Dayside Inc. v. First Judicial Dist. Court,* 75 P.3d 384, 387 (Nev.2003).

[¶ 29] Hermanson signed a release of mechanic's lien based on the representation by Brown that the release was necessary for Brown to obtain refinancing and that Hermanson would be paid thereafter from the refinancing funds. Accordingly, Hermanson received adequate consideration from Brown for the release of the mechanic's lien.

[¶ 30] Therefore, I would affirm the judgment of the trial court.

[¶ 31] Mary Muehlen Maring.