# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 90

In the Interest of J.B.

Kathleen K. Murray, State's Attorney,                    Petitioner and Appellee

      v.

J.B.,                                                    Respondent and Appellant

## No. 20200238

Appeal from the District Court of Wells County, Southeast Judicial District, the Honorable James D. Hovey, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Kathleen K. Murray, State's Attorney, Fessenden, N.D., petitioner and appellee.

Tyler J. Morrow, Grand Forks, N.D., for respondent and appellant.

**Tufte, Justice.**

[¶1]   J.B. appeals a district court order denying his petition for treatment in community placement. On appeal, J.B. argues the district court erred in determining that N.D.C.C. § 25-03.3-24 does not violate the separation of powers. We affirm the district court order.

I

[¶2]   J.B. was committed to the North Dakota State Hospital as a sexually dangerous individual in September 2005. In 2020, J.B. requested a discharge hearing under N.D.C.C. § 25-03.3-18. At the hearing, the State called Dr. Deirdre D'Orazio, who testified that J.B. remained a sexually dangerous individual and was not ready for community placement. J.B. called Dr. Stacey Benson, who also testified that J.B. remained a sexually dangerous individual but that he was ready for community placement. Following the hearing, J.B. petitioned the district court for community placement under N.D.C.C. § 25-03.3-24. The court found that the State had established clear and convincing evidence that J.B. remained a sexually dangerous individual under N.D.C.C. § 25-03.3-01(8). The court also denied J.B.'s petition for community placement, concluding that the statute is constitutional and that because the executive director did not petition for community placement, it lacked subject-matter jurisdiction to consider J.B.'s petition.

II

[¶3]   Whether a statute is unconstitutional is a question of law, which is fully reviewable on appeal. *In re P.F.*, 2008 ND 37, ¶ 7, 744 N.W.2d 724 (citing *Riemers v. Grand Forks Herald*, 2004 ND 192, ¶ 11, 688 N.W.2d 167). "Ultimately, our duty is to 'reconcile statutes with the constitution when that can be done without doing violence to the language of either.'" *Sorum v. State*, 2020 ND 175, ¶ 20, 947 N.W.2d 382 (quoting *State ex rel. Rausch v. Amerada Petroleum Corp.*, 78 N.D. 247, 256, 49 N.W.2d 14, 20 (1951)). "[T]he supreme court shall not declare a legislative enactment unconstitutional unless at least four of the members of the court so decide." N.D. Const. art. VI, § 4.

[¶4]   J.B. argues the district court erred when it held N.D.C.C. § 25-03.3-24 does not violate the separation of powers doctrine. He claims N.D.C.C. § 25-03.3-24 unconstitutionally imposes executive branch oversight on the judicial branch because it allows the court to order community placement only if the executive director of the Department of Human Services files a petition. As a remedy, J.B. proposes that we strike the words "executive director" in N.D.C.C. § 25-03.3-24 and replace them with the words "either party." This remedy is unavailable because "[t]his Court will not add words or additional meaning to a statute." *First Union Nat'l Bank v. RPB 2, LLC*, 2004 ND 29, ¶ 17, 674 N.W.2d 1. When a court concludes a statute violates the constitution, the remedy the judicial branch may grant is to declare that the "unconstitutional legislation is void and is to be treated as if it never were enacted." *Hoff v. Berg*, 1999 ND 115, ¶ 19, 595 N.W.2d 285.

[¶5]   The State argues that *In re G.R.H.,* 2006 ND 56, 711 N.W.2d 587, and *In re P.F.* have already determined that the statute is constitutional. The statute provides that:

> Following commitment of a sexually dangerous individual, the executive director may conduct a risk management assessment of the committed individual for the purpose of determining whether the individual may be treated safely in the community on an outpatient basis. The executive director may place a committed individual in the community for treatment on an outpatient basis only pursuant to a court order. The executive director may petition the court at any time for community placement. . . .

N.D.C.C. § 25-03.3-24(1).

[¶6]   "[T]he determination of the least restrictive treatment available is initially made by the executive director and this initial determination does not violate due process." *P.F.*, 2008 ND 37, ¶ 24 (citing *G.R.H.*, 2006 ND 56, ¶¶ 21-27). This Court has also held that the procedures in N.D.C.C. ch. 25-03.3 satisfy procedural due process by providing pre- and post-commitment safeguards, including the safeguards provided for determining community placement. *G.R.H.*, 2006 ND 56, ¶ 27. The requirement that the executive director petition for community placement satisfies procedural due process.

[¶7]   J.B.'s argument is similar to P.F.'s argument that section 25-03.3-17 unconstitutionally violates the separation of powers doctrine by legislatively granting judicial authority to the executive director. In *P.F.*, this Court stated:

> [W]hen N.D.C.C. § 25-03.3-17(1) and (5) are read together to give effect to each provision and the legislature's intent, the executive director may petition for discharge if the executive director decides that discharge is appropriate because the individual is now safe to be at large. In addition the committed individual is entitled to petition for discharge annually. N.D.C.C. § 25-03.3-18. Thus, there is an opportunity for discharge independent of the determination of the executive director. In either case, the court ultimately decides whether the committed individual is to be discharged, and the executive director may not discharge the individual until directed to by a court order.

*P.F.*, 2008 ND 37, ¶ 12. This Court concluded that section 25-03.3-17 does not violate the separation of powers doctrine. *Id.* at ¶ 25. We acknowledge that section 25-03.3-17 differs from the section that J.B. challenges in that it provides a yearly opportunity for the committed to petition for release. But here the court ultimately decides whether the committed individual is ready to be placed in the community for treatment on an outpatient basis and under what conditions. The condition that the court may order community placement only when the executive director files a petition requesting it does not violate the separation of powers doctrine.

III

[¶8]   We affirm the district court order.

[¶9]   Jon J. Jensen, C.J.
        Gerald W. VandeWalle
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte

3